MADISON-SMITH CADILLAC COMPANY v. WALLACE.

Opinion delivered May 5, 1930.

*James B. McDonough,* for appellant.
*Partain & Agee,* for appellee.

SMITH, J. Appellee alleged as his cause of action that Roy Franklin, a sales agent of the Madison-Smith

Cadillac Company, negligently ran a car he was demonstrating into appellee's car and demolished it, and upon the trial from which this appeal comes he recovered judgment against both Franklin and the automobile company. The principal question of fact in the case was that of Franklin's agency, but this issue was submitted under correct instructions and is concluded by the verdict of the jury, as the testimony is legally sufficient to support the finding that Franklin was the agent of his co-defendant, and was employed in that capacity at the time of the collision.

Appellee testified that his car was a new Ford sedan, for which he had paid, including certain accessories and a license plate, $668.50, and that the car had been driven only about 1,300 miles, and had been demolished in the collision.

S. E. Langford, called as a witness by appellee, testified that he was the manager of the Sheridan Ford agency, which had sold the car to appellee; that the Sheridan wrecker went out and got the car and brought it to the garage, where it had since been; that the value of the car new, exclusive of certain extras which appellee had purchased, was $655, and this value had been depreciated $50 by the use of the car up to the time of the collision, and that the present value of the car was $100, as it had been practically ruined. Appellee did not order the car brought to the garage, and had not called for it.

Appellee's testimony in regard to value is substantially identical with that of Langford. He also testified that a member of the Cadillac Company ordered the car taken to the Sheridan garage, and that he had not since had the car in his possession, and no tender of it to him had been made; that he had had no other car since "and it has cost me about a hundred dollars too." It was not made clear just what items comprised this hundred dollars, but the loss of the use of the car was probably intended.

The car has not been repaired, and Langford estimated the repairs at $255.55, but admitted that while these repairs would, in a way, make the car as good as new, it would not be as valuable as it was before the collision. No one has used the car since the collision, but no one appears to question appellee's right to its possession.

Upon the question of the measure of damages the court gave over appellant's objection, an instruction numbered 4, which reads as follows: "You are instructed that, if you find for the plaintiff, you may fix his damages at such a sum as will fairly compensate him for the damages sustained to his automobile, if any, and in that connection you are instructed that the plaintiff, if you find for him, will be entitled to recover the difference between the value of his automobile before the injury and the value of his automobile after the injury *and damages to it, if any.*"

The jury returned the following verdict: "We, the jury, find for the plaintiff against both defendants the sum of $518, his car, and $100 for the non-use of his car," and judgment was rendered accordingly, from which is this appeal.

As the testimony shows that the car had some value after the collision, the correct measure of damages was the difference between the value of the car before the collision and its value after that event, and instruction numbered 4, set out above, so declared the law, but the jury was further told in the instruction to fix the "damages to it, if any," and the addition of this phrase must necessarily mean that the difference in value was not the only item of damage to be considered. The verdict for the hundred dollars for the non-use of the car must have been in response to this phrase. This is error.

The suit was not one in replevin. The right to the possession of the car is not involved. The car had no usable value until repaired, and the repairs were not made. The jury should, therefore, have been told to find only

the difference in value of the car before and after the collision.

In the case of *General Fire Extinguisher Co.* v. *Beal-Doyle Dry Goods Co.,* 110 Ark. 49, 160 S. W. 889 Ann. Cas. 1915D, 791, an instruction to that effect was approved, and in that connection we said: "And in *C. B. & Q. Ry. Co.* v. *Metcalf,* 63 N. W. 51, it is held: 'Where chattels are injured by the negligence of another, but not wholly destroyed, the measure of damages is the difference between the value of the chattels immediately before and immediately after the injury.' See, also 13 Cyc. 148."

It was there pointed out that the rule is different where property has been lost or destroyed through the negligence of another, as in such cases the measure of damages is the value of the property at the time and place of the conversion or total destruction thereof, with interest thereon from that time. Here the car was not lost or destroyed, but has yet substantial value, and damages should, therefore, have been assessed only to compensate the difference or loss in value resulting from the collision.

The verdict of the jury makes it possible to correct the error without reversing the judgment, and this may be done by striking out the item of $100 for the non-use of the car, and, as thus modified, the judgment will be affirmed, as no other error appears.

Counsel for appellants has discussed assignments of error relating to the admission and exclusion of testimony, and to the giving and refusing to give certain instructions, and, while we have considered these assignments of error, we do not think they are of sufficient importance to require discussion.

The judgment will be modified by striking out the item of $100 for the nonuse of the car, and, as thus modified, will be affirmed.