Temple Cotton Oil Company *v.* Brown.

4-4138

Opinion delivered June 22, 1936.

*Dwight Crawford, Shaver, Shaver & Williams, Owens & Ehrman* and *E. L. McHaney, Jr.,* for appellant.

*J. H. Lookadoo* and *Sam T. & Tom Poe,* for appellee.

Humphreys, J. This is a suit brought by appellee against appellant in the circuit court of Clark county to recover damages for personal injuries received by him in the performance of his duties as an employee of appellant, through the alleged negligence of appellant in failing to furnish him a reasonably safe place to work. The particular acts of negligence alleged consisted in a failure to provide a toe board, rail or guard of some kind to prevent a hand truck, being used to off-bear cotton seed hulls, from falling off a runway about three feet wide, used to convey cotton seed hulls to a point where they were dropped to the floor below to be stacked; and in allowing the truck to be used or operated by two boys, the sons of Newt Hudgens, who was in the employ of appellant.

Appellant filed an answer denying the allegations of negligence and interposing the defenses of assumed risk, contributory negligence, and an efficient intervening cause that resulted in the injury.

The cause was submitted to the jury on the evidence adduced, and instructions of the court, which resulted in a verdict and consequent judgment in favor of appellee for $15,000, from which is this appeal.

The undisputed facts reflected by the record are as follows:

At the time of receiving his injuries, appellee was employed by appellant at its cotton oil plant in Ashdown. He was working as a day laborer at $1.25 per day in the hull room, which was 125 feet long and 80 feet wide. The roof was 50 feet above the floor. Cotton seed hulls were conveyed into this room from another part of the mill to be sacked and stored. There was a platform 20 feet square and seventeen feet high in this room, where two hull packing machines were installed. A runway about three feet wide extended from this platform almost the length of the hull room, which has a fall of 21 inches the first twenty-one feet, and is then level to the end thereof, at which point a stairway extends to the concrete floor of the hull room. When the plant was in operation, hulls would be conveyed to the platform and there sacked and placed on a two-wheeled hand truck weighing 120 pounds, which was pushed along the runway by the off-bearer to such point as desired to unload the sacks and drop them to the concrete floor, which is about sixteen or seventeen feet below the runway, for the purpose of stacking and storing them. On September 27, 1933, about seven o'clock p. m., appellee, who was off-bearer on one of the shifts, went down to the lower floor to stack the sacks of hulls he had conveyed along the runway on the truck and dropped down on the floor during the afternoon, and while engaged in stacking them, the truck, being pushed by two boys on the runway, ran off and fell for a distance of about seventeen feet on appellee. He did not know the boys were up on the runway or platform or that they were operating the truck. The truck fell on appellee's head, fracturing his

skull, and injuring his brain. The bone on the right side of his head, three inches in length and an inch wide, was removed. The brain bulges out of this hole against the membrane and skin or scalp. His brain also bulges out of the hole in the skull at the site of the injury against the membrane and skin. The pulsations of his heart are visible at this place. In addition to the pain and suffering endured by him at the time of the injury, and during the period of recovery, he suffers from dizziness and nausea at times, and the vision of his right eye is impaired. Appellee was 31 years of age, and had an expectancy of 36 years at the time he received his injuries. He was strong and healthy and was earning $1.25 a day.

The record reflects a sharp conflict in the testimony as to whether there was a toe board or rail on the side of the runway to prevent the truck from falling off when being operated, and whether appellee assumed the risk.

It is apparent from the facts detailed above that the injuries were the result of the concurrent acts of appellant in failing to maintain a toe board or rail on the runway, and of the boys pushing the truck down the runway. If the boys had not pushed the truck down the runway, it would not have fallen and struck appellee, and, although they did this, the truck would not have fallen off had toe boards or rails been on the side of the runway to support and prevent it from falling on him. The two concurring acts were, therefore, the proximate cause of the injury. The party responsible for either of the concurring acts of negligence is liable unless the accident would have happened without his concurring act of negligence. This is the rule announced by this court in the case of *Phillips Petroleum Co.* v. *Berry,* 188 Ark. 431, 65 S. W. (2d) 533. Syllabus six of this opinion reads as follows: "Where several causes combine to produce an injury, one is not relieved from liability because he is responsible for only one of these causes, if, without his negligent act, the injury would not have occurred."

The instant case is ruled by the case referred to. In view of the rule announced in the case cited, instruc-

tion No. 1 requested by appellee and given by the court is correct. Said instruction is as follows:

"If you find from a preponderance of the evidence that plaintiff, Willie Brown, while working for defendant, Temple Cotton Oil Company, and stacking sacks of cotton seed hulls in the hull room of defendant's Ashdown mill, was injured by a truck falling on him, without fault on his own part, and while exercising ordinary care for his own safety; and if you also find from a preponderance of the evidence that defendant, Temple Cotton Oil Company, negligently failed to have a board, or rail or other guard, along the side of the floor of the runway from which the truck fell, and that such negligence of defendant, if any, was the proximate cause of the injury of plaintiff, if any, then you are instructed to find for the plaintiff unless you should further find that plaintiff assumed the risk."

The issues of whether appellant negligently failed to maintain a toe board or railing on the side of the runway and whether appellee assumed the risk were submitted to the jury under proper instructions, and appellant is bound by the adverse finding of the jury on those issues.

Under this view of the case, it is immaterial whether Newt Hudgens, the father of the boys, was a fellow-servant of appellee or a foreman for appellant. There is no evidence in the case tending to show appellee was guilty of contributory negligence, so that defense was or is eliminated.

The only remaining question in the case is whether the judgment is excessive. A majority of the court are of opinion that the question was properly raised, and that the verdict is excessive. The court is of opinion that in view of appellee's small earning capacity, and that he is not permanently disabled that the verdict should be reduced to $7,500. The writer does not concur in this view.

The judgment is therefore reduced to $7,500, and, as modified, is affirmed.