DANIELS *v.* ALLEN.

4-7316                                        178 S. W. 2d 853

Opinion delivered March 27, 1944.

*S. Hubert Mayes,* for appellant.

*L. L. Mitchell* and *Wm. F. Denman,* for appellee.

HOLT, J. Appellee, Jacob C. Allen, recovered a judgment of $20,000 against appellants for personal injuries resulting from a collision between an automobile in which he was sitting and an oil truck driven by an employee of appellants. The collision occurred March 16, 1943, in Prescott, Arkansas. The complaint, filed March 20, 1943, alleged that at the time of the collision appellants' truck was being driven at an excessive speed, and without any warning appellants' truck driver "carelessly and negligently drove his truck off said highway No. 19, across to the filling station where this plaintiff's car was parked," struck appellee's car "in which he was seated," painfully and permanently injuring appellee. Appellants answered with a general denial and pleaded contributory negligence on the part of appellee.

For reversal, appellants contend that the trial court erred (1) In refusing their request for an instructed verdict at the close of all the testimony and (2) that the verdict is excessive.

1.

The facts most favorable to appellee are to the following effect: March 16, 1943, appellee, in company with

his brother, Walter, who was sitting on the seat beside him, drove his automobile to Mrs. Chaney's store and filling station in Prescott, on highway No. 19, and stopped his car at the usual and customary place at one of the gasoline pumps where gasoline was delivered to cars. His car was about 7 feet from the paved highway. While he was sitting under the steering wheel with his motor off, an employee of appellants, driving a Ford oil-tank truck, with trailer attached, drove off the pavement behind appellee and struck the rear of appellee's parked car, causing his body to be thrown against the steering wheel, striking his chest, causing a hernia about the size of a "hen egg," to develop between the navel and sternum and otherwise injuring appellee as hereinafter set out. Appellants' truck and trailer were, overall, about 30 feet long with a carrying capacity of about 2,800 gallons of oil or gas.

There were only three eye-witnesses to the collision, appellee, his brother, Walter, and the truck driver, Roamy Beavert. The testimony of Walter Allen tended to corroborate appellee. There was also evidence that the driver of the truck had driven long hours without sleep.

Appellants' truck driver, Beavert, testified that when his truck collided with appellee's car, appellee's car was not parked at the filling station in the position as contended by appellee, but appellee was in the act of turning away from the filling station on to the highway; that "he (appellee) pulled out to make a 'U' turn and I saw he was there, I saw him start up and I pulled over to the left-hand side of the road to go around him. He pulled on out on the road and I didn't think he was going to stop and I pulled back on the right to go around the other way and he stopped and by that time it was too late to do any more so I just kept on the way I was going," and struck appellee's car.

We think it apparent from the above conflicting testimony that a case was made for the jury on the question of negligence, and the trial court did not err in submitting it under instructions, about which no complaint is made.

## 2.

We agree, however, with the contention of appellants that the verdict, on the facts presented by this record, is grossly excessive.

After the collision, appellee got out of·his car and walked to a telephone. During this time he talked intelligently to several people. After about 25 minutes, he got in his car and his brother drove him to Dr. J. W. Kennedy in Prescott, who strapped him up and later that night he entered the hospital where he was X-rayed and stayed five days. After leaving the hospital, appellee was confined to his home for about six weeks.

Appellee testified that this new hernia causes his intestines to protrude through the opening, causing an enlargement about the size of a ''hen egg,'' which is very painful, permanent, and prevents his working, and that he suffers from dizziness and ''fullness in the head,'' sleeps with great difficulty, and for some time after his injuries passed blood from his kidneys. Appellee admitted that he now has, and since November, 1942, has had another hernia, called an inguinal hernia. At the time of the injury, appellee weighed 168 pounds and has since lost 24 pounds.

Appellee was examined by Dr. A. G. McGill, a physician in Little Rock a few days before trial, and it was the opinion of this physician that appellee was totally and permanently disabled, resulting from the hernia and other injuries received in the collision; that he was unable to work; that he was suffering and would continue to suffer pain; that in addition to the new hernia, he found the sacro-iliac joint was sprained and sensitive to touch, and that appellee showed symptoms of a brain concussion. He further testified that he had thoroughly X-rayed appellee and found no broken bones or fractures of any kind. Appellee, at the time of his injuries, was 45 years of age with life expectancy of 25.02 years. He had been a farmer practically all of his life and had supplemented his income for the past nine years by preaching. He estimated that, taking everything into consideration,

his average earnings amounted to about $1,000 per year, about half of which was cash.

Three physicians in Prescott testified on behalf of appellants. Dr. Kennedy, who examined appellee immediately following his injury and at the hospital, testified that he found a recent hernia about the size of a quarter, that is a small opening in the middle part of appellee's upper abdomen near the sternum. He X-rayed him and found no fractures. He made no examination of appellee's head or brain. In his opinion, a pressure bandage over the hernia would give the same relief as a truss would to appellee's inguinal hernia. He thought an operation unnecessary and did not think appellee would be totally or permanently disabled.

Dr. J. B. Hesterly of Prescott testified that he examined appellee; that the usual corrective treatment for hernia is an operation, and in his opinion an operation would correct both of appellee's hernias; that the only injuries from which he found appellee to be suffering were the two hernias, and that he did not consider them to constitute total or permanent disability. He also testified that he found tenderness over the sacro-iliac joint when pressure was applied.

It was stipulated that Dr. A. S. Buchanan would testify "that in November, 1942, he examined the plaintiff (appellee) and at that time found a right inguinal hernia and he advised an operation for the correction of same; that he examined him between March 16th and March 19th, while he was in the hospital at Prescott following the accident, and at that time the only additional condition he found was a hernia between the navel and breast bone."

When we take into account appellee's age, his life expectancy, his meager, uncertain earnings up to the time of the injury, his earning ability, the nature and extent of his injuries, the fact that he was suffering from an old hernia at the time of his injuries, appellee's testimony and the medical testimony, we have reached the conclusion, after a careful analysis of all the evidence, that the judgment is excessive by $10,000. See

*Temple Cotton Oil Co.* v. *Brown,* 192 Ark. 877, 96 S. W. 2d 401; *Missouri Pacific Transportation Co.* v. *Simon,* 199 Ark. 289, 135 S. W. 2d 336; *Arkansas Amusement Corporation* v. *Ward,* 204 Ark. 130, 161 S. W. 2d 178; *Missouri Pacific Railroad Company, Thompson, Trustee,* v. *Newton,* 205 Ark. 353, 168 S. W. 2d 812; and *Oviatt, Administrator,* v. *Garretson,* 205 Ark. 792, 171 S. W. 2d 287.

This error, however, may be corrected by reducing the amount of the recovery to $10,000.

If, therefore, within fifteen days from the date of this opinion, appellee will enter a remittitur in the amount of $10,000, a judgment in favor of appellee for $10,000 will be affirmed, otherwise the judgment will be reversed and the cause remanded for a new trial.