EAST TEXAS MOTOR FREIGHT LINES, INC. *v.* BUCK.

4-8548                                                212 S. W. 2d 13

Opinion delivered June 14, 1948.

*Huie & Huie* and *Louis Tarlowski*, for appellant.

*G. W. Lookadoo,* for appellee.

ED. F. McFADDIN, Justice. This appeal results from a traffic mishap. Appellant's truck and appellees' car were both proceeding north on U. S. Highway 67 in Clark county on August 18, 1947. The appellees' car was in front, and turned left to leave the highway. At that same instant appellant's truck took the left lane in an effort to overtake and pass appellees' car. A collision resulted. The Buck car was owned and driven by Mr. Buck, and occupied by him and Mrs. Buck, the other appellee. Judgments were recovered by the Bucks against appellant; and this appeal challenges those judgments. Appellant states the issues on this appeal:

"1. whether the judgments are supported by substantial testimony; and

"2. whether the judgments are excessive."

We discuss and decide these issues.

I. *Sufficiency of the Evidence.* There was substantial evidence presented from which the jury could—and did—find: (1) that Mr. Buck gave the required arm signal before turning to the left; (2) that appellant's truck driver failed to see or heed such signal; and (3) thereby negligently ran into the Bucks' car. So we find no merit in appellant's first contention.

II. *Excessiveness of the Verdicts.* This assignment requires more elaboration. The verdict for Mr. Buck was for $350 for damages to his car, and $10,000 for personal

injuries. The verdict for Mrs. Buck was for $10,000 for personal injuries. The amount of each of the personal injury verdicts is challenged. The evidence as to the injuries is in irreconciliable conflict. Here are two examples of such conflict: (a) One expert took X-ray pictures of Mrs. Buck, and found only one fractured rib; a second expert took X-ray pictures of Mrs. Buck, and found four fractured ribs. A third expert took X-ray pictures of her, and found no fractured ribs. (b) A physician who examined Mr. and Mrs. Buck shortly after the accident found their injuries to be so minor as to fail to justify hospitalization. Their family physician examined them later, and found them to be suffering from ''permanent injuries.'' How can the average layman on the trial jury decide a case satisfactorily to all the litigants if the medical experts cannot agree among themselves as to (a) what injuries are shown by X-ray pictures; and (b) whether the injuries are minor or major?

It is not the province of the appellate court—in considering whether a verdict is excessive—to determine as between the credibility of the various 'sets of medical experts. On appeal we are required to give the evidence supporting the verdict its highest probative value. *Mo. Pac. R. Co.* v. *Newton*, 205 Ark. 353, 168 S. W. 2d 812; and *Mo. Pac. R. Co.* v. *Byrd*, 206 Ark. 369, 175 S. W. 2d 564. So, here, we must take the substantial evidence showing the greatest amount of injuries, and then—based on such injuries—determine whether the verdict is excessive. In *Mo. Pac. R. Co.* v. *Newton*, 205 Ark. 353, 168 S. W. 2d 812, we reviewed some of the earlier cases on the duty of this court when there is a claim that the verdict is excessive. Some other cases to the same effect are: *St. L. S. W. Ry. Co.* v. *Kendall*, 114 Ark. 224, 169 S. W. 822, L. R. A. 1915F, 9; *Mo. Pac. Transp. Co.* v. *Simon*, 199 Ark. 289, 135 S. W. 2d 336; *St. L. S. W. Ry. Co.* v. *Brummett*, 201 Ark. 53, 143 S. W. 2d 555; and *Daniels* v. *Allen*, 206 Ark. 1155, 178 S. W. 2d 853.

With the foregoing principles well in mind, a careful review of the evidence has convinced the majority of this court (in which the writer does not agree (that: (1) any

verdict for Mrs. Buck in excess of $5,000 is grossly excessive; and (2) that any verdict for Mr. Buck (for his personal injuries) in excess of $7,500 would be grossly excessive.

*Conclusion*: If, within 15 judicial days, a remittitur of $5,000 be entered on the judgment for Mrs. Buck, and also a remittitur of $2,500 will be entered on the judgment for Mr. Buck, then the judgments will be affirmed in all other respects. If such remittiturs be not entered, then both judgments will be reversed and the causes remanded. Costs of this appeal are to be paid by appellees.