NICHOLAS v. BINGAMON.

4-9637                                                     244 S. W. 2d 782

Opinion delivered January 7, 1952.

*Gordon & Gordon,* for appellant.

*Carroll W. Johnston,* for appellee.

ROBINSON, J.   The appellee herein, M. D. Bingamon, filed suit in the Conway Circuit Court against appellants, Tom Buck Nicholas and Logan County Farmers' Association, Inc., alleging that while appellee was driving a pick-up truck with his house-trailer attached in a westerly direction on highway 64, Tom Buck Nicholas, acting

as agent of the Logan County Farmers' Association and while driving a heavily loaded truck in the same direction Bingamon was traveling, attempted to pass Bingamon on a bridge and negligently ran the truck he was driving into Bingamon's house-trailer, thereby damaging it to the extent of $3,000. The trial resulted in a verdict for appellee, Bingamon, in the sum of $1,234.85.

Appellants contend that the evidence is not sufficient to sustain the verdict, that the trial court committed error in the giving of an instruction dealing with one attempting to pass another within 100 feet of a bridge, and that the court erred in the instruction given on the measure of damages.

In determining the sufficiency of the evidence, it must be viewed in the light most favorable to appellee. *East Texas Motor Freight Lines, Inc.* v. *Buck*, 213 Ark. 640, 212 S. W. 2d 13; *Schubach* v. *Traicoff*, 214 Ark. 375, 216 S. W. 2d 395. When this is done, it appears that appellee was driving on his side of the road in a proper and lawful manner, and the appellant, Tom Buck Nicholas, while driving a large two-ton truck heavily loaded, attempted to pass appellee without giving any warning, and in doing so caused the truck to strike the house-trailer. Realizing that he had collided with the house-trailer, Nicholas then slowed up, causing the truck to rake the house-trailer on the side almost its entire length, resulting in considerable damage to the trailer. The evidence thus viewed was sufficient to take the case to the jury on the allegations of negligence set out in the complaint charging that the truck was being operated at an excessive rate of speed, failure of the driver of the truck to keep a proper lookout, and failure to give any warning of the attempt to pass.

Next, appellant says the court erred in giving appellee's instruction No. 9, which is as follows: "Operators of motor vehicles upon public highways are required to exercise ordinary care in keeping a lookout for persons and vehicles also using the highway. They must keep such motor vehicles under such reasonable control as would enable them to avoid accidents by the exercise of

ordinary care where danger is apparent or reasonably anticipated. The degree of care being commensurate with the danger to be anticipated, the traffic to be encountered, and the use of the way. The law provides that no vehicle in overtaking and passing another vehicle or at any other time be driven to the left side of the roadway when approaching within 100 feet of any bridge.'' Appellants complain of that part of the instruction which tells the jury what the law is with regard to one vehicle overtaking and attempting to pass another within 100 feet of a bridge. Ark. Stats., § 75-611, provides:

''No vehicle shall be driven to the left side of the center of the road-way in overtaking and passing another vehicle proceeding in the same direction * * * when approaching within 100 feet of any bridge * * *.'' There was evidence to the effect that the collision occurred on a bridge. In fact, the collision might not have occurred except for the attempt to pass on the bridge or within 100 feet thereof. Therefore, the instruction was not error, the allegations of negligence being broad enough to cover the situation.

Lastly, appellant assigns as error the giving of appellee's instruction No. 14 by the trial court, which is as follows: ''You are instructed that if you find that the plaintiff is entitled to recover in this action, then in considering the damages to be awarded for damages to plaintiff's house-trailer, if any, the measure of damages would be the difference in the fair market value of the house-trailer at the time and place of the collision, immediately before and immediately after the accident complained of. Consider all the evidence held admissible in the trial of the case and if you find that the plaintiff is entitled to recover herein, then award him such a sum, under the instructions of the court as will fairly compensate him therefor. You may consider evidence of the cost of repairs to the house-trailer in determining the extent of damages, if any.'' The undisputed evidence is that it would cost $1,234.85 to repair the damage to the trailer. There was no other evidence as to the value of the trailer immediately before and after the collision. This Court has said:

"In the absence of other competent proof of market value, we have held that the difference in market value before and after the collision may be established by a showing of the amount paid in good faith for the repairs necessitated by the collision." *Golenternek* v. *Kurth,* 213 Ark. 643, 212 S. W. 2d 14.

In the case of *Payne* v. *Moseley,* 204 Ark. 510, 162 S. W. 2d 889, the Court held: "Appellant also contends that the court instructed that the measure of damages would be the difference between the market value of the automobile before and the market value after the collision. It is argued by appellant that there is no evidence in the record as to the market value of the automobile before and after the collision, but we think the jury was warranted in finding the cost of the repairs represented the difference between the market value of the car before and after the collision."

Finding no error, the judgment is affirmed.