WILLIAM C. JONES, JR. *v.* JOHN D. HERRIN

5-5914                                    481 S.W. 2d 362

Opinion delivered June 12, 1972

*Guy H. Jones, Phil Stratton* and *Guy Jones Jr.,* for appellant.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellee.

CONLEY BYRD, Justice. In an action by William C. Jones, Jr., against appellee John D. Herrin for damages to Jones' car, Herrin admitted liability. The trial court found both the difference between the before and after value of the car and the amount of money Jones has spent in renting a substitute vehicle. However, the trial court denied any recovery to Jones for loss of use of his vehicle for the four weeks period. We agree with the trial court under the law of this state. In *Kane* v. *Carper-Do-*

*ver Mercantile Co..* 206 Ark. 674, 177 S.W. 2d 41 (1944), we stated:

> ". . .In some jurisdictions, loss of use of an automobile pending repair is a recognized item of damages. Annotations on this point may be found in 4 A.L.R. 1350, 32 A.L.R. 706, 32 A.L.R. 711, 78 A.L.R. 910, and 78 A.L.R. 917. But regardless of the holding of other courts we have held that loss of use of an automobile pending repair is not an element of damages. . . ."

Mr. Jones here recognizes the foregoing authority but contends that we should overrule it and other like cases, urging that:

> "Several legal treatises point out that Arkansas is the only state which denies recovery for loss of use of a vehicle pending repairs or replacement. 7 Ark. L. Rev. 397; 2 Harper & James, Law of Torts, 1315; 3 Personal Injury Actions, Defenses & Damages 237. These treatises are critical of the Arkansas position as being difficult to justify and as being regrettable. Counsel for appellant urges the Court to adopt RE-STATEMENT OF TORTS § 928:
>
>> 'Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for
>>
>>> '(a) the difference between the value of the chattel before the harm and the value after the harm or at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and
>>>
>>> '(b) the loss of use.' "

While we recognize that there is some merit in appellant's position, under our decisions the trial court properly denied the claim for loss of use. This disposition makes it unnecessary for us to rule on appellee's contention that appellant did not sufficiently prove his delay damages.

Affirmed.

GEORGE ROSE SMITH and BROWN, JJ., concurring.

GEORGE ROSE SMITH, Justice, concurring. This court is perhaps the only one in the United States which refuses to allow a plaintiff compensation for the loss of the use of a vehicle negligently damaged by a wrongdoer. See Casenote, 7 Ark. L. Rev. 397 (1953). Our rule is demonstrably unjust, especially when, as here, the plaintiff customarily uses the vehicle in his business. Such an award is essential if the injured person is to be made whole. Hence instead of merely saying, as the majority do, that there is some merit in the appellant's position, I would give notice that we intend to re-examine our rule in the future. That has been our practice in similar situations in the past. *Clubb* v. *State,* 230 Ark. 688, 326 S.W. 2d 816 (1959); *Robinsin* v. *Means,* 192 Ark. 816, 95 S.W. 2d 98 (1936). Although the rule in question is not one of property, in the sense that a wrongdoer relies upon it in deciding to have a collision, it would nevertheless be fair to give notice of a possible change in the rule, so that casualty insurance companies may take that possibility into account in fixing their premiums.

BROWN, J., joins in this concurring opinion.