Darrell SHARP *v.* GREAT SOUTHERN COACHES, INC

74-63                                    510 S.W. 2d 266

Opinion delivered June 17, 1974

*Troy L. Henry,* for appellant.

*Barrett, Wheatley, Smith & Deacon* by: *John V. Phelps,* for appellee.

.CONLEY BYRD, Justice. Appellant Darrell Sharp, the owner and driver of a gravel truck involved in a collision with a vehicle owned and operated by appellee Great Southern Coaches, Inc., brought this action to recover damages for loss of use during the time the vehicle was being repaired. Appellee admitted that the collision was occasioned by negligence chargeable to it. The trial court found that appellant had sustained damages for loss of use of his vehicle in the amount of $1,800, but denied recovery on the theory that loss of use of a vehicle is not a compensable element of damages in Arkansas.

The record shows that the dump truck was essential to appellant's business and that as a result of the collision he missed the use of the truck for 26 working days while it was in the shop for repair. Appellant testified he had a net income from the use of the truck in the amount of $1,950, the month before the collision and in the amount of $2,542, for the month after the repairs. His estimate of the amount he would have made during the time lost for repairs was $1,800. The only objection by appellee was as follows:

". . .The defendant objects to testimony being offered on the element of loss of use of the vehicle in question on the grounds that it is not properly an element of damage to be considered by the court."

Damages for loss of use of a vehicle have recently been before this court. See *Higgins* v. *Elliott's Feed, Seed & Fertilizer Co.*, 248 Ark. 450, 451 S.W. 2d 884 (1970) and *Jones* v. *Herrin*, 252 Ark. 837, 481 S.W. 2d 362 (1972). In the *Higgins* case, *supra*, we denied a recovery for profits because they were too speculative. In the *Jones* case, *supra*, we also had a problem with the sufficiency of the proof and in holding that the trial court there properly followed our prior decisions, we quoted Restatement of Torts § 928 and pointed out that there was some merit in Jones' contention that our previous cases denying recovery for loss of use should be overruled. The concurring justices thought the statement of "some merit" in the *Jones* case, *supra*, was an insufficient caveat and that we should have given notice that we would re-examine the issue anew. It was there pointed out that Arkansas was the only state that denied a recovery for loss of use of a vehicle.

Appellant Sharp in contending that we should overrule our prior cases refers us to Article II, § 13 of the Constitution of Arkansas which provides:

"Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character. . . ."

We note that we ordinarily recognize loss of use as an element of damages where the detention of other types of property is involved, *McDaniel* v. *Crabtree*, 21 Ark. 431 (1860) and *Continental Gin Co.* v. *Clement*, 176 Ark. 864, 4 S.W. 2d 901 (1928). When our prior decisions with reference to the compensability of loss of use of a vehicle are considered along with the criticism that has been leveled at them, *Jones* v. *Herrin, supra*, together with the inconsistent position we have taken when loss of use of other property is involved, we find that our former decisions with reference to the compensability for loss of use of a vehicle were somewhat arbitrary and should be overruled when only a partial destruction is involved. In so far as a business vehicle is concerned *Madison-Smith Cadillac*

*Co.* v. *Smith,* 181 Ark. 715, 27 S.W. 2d 524 (1930) and *Kane* v. *Carper-Dover Mercantile Co,* 206 Ark. 674, 177 S.W. 2d 41 (1944), are overruled. Consequently, it follows that appellant is entitled to judgment for the loss of use of his vehicle in the amount of $1,800.

Appellee for the first time on appeal contends that loss of profits cannot be included in an element of damages for loss of use. We disagree for two reasons. In the first place such an issue cannot be raised for the first time on appeal. In the second place, C. McCormick, Damages § 124 recognizes the following criteria for determination of the value of use:

1. The rental value or the amount which could have been realized by renting out the article during the period;
2. The cost of hiring a substitute; and

3. The ordinary profits that could have been made from the use of the vehicle.

Reversed and remanded with directions to enter a judgment in the amount of $1,800.