## ARKANSAS-MISSOURI POWER COMPANY
### *v.* James R. DEAL, et al,
### d/b/a DRUMMER BOY MOTEL,
### MILLER'S MUTUAL FIRE INSURANCE
### COMPANY of Fort Worth, Texas
### (Intervenor)

77-414                                          566 S.W. 2d 747

Opinion delivered June 12, 1978
(Division II)

*Reid, Burge & Prevallet,* for appellant.

*Cearley, Gitchell, Bogard & Mitchell,* for appellees; *Thomas M. Bramhall,* for intervenor.

CONLEY BYRD, Justice. Appellant, Arkansas-Missouri Power Company, while relocating its gas lines removed the vent pipe that projected from the meter serving the Drummer Boy Motel and Restaurant on U.S. Highway # 63 in Blytheville. This materially increased the gas pressure and caused a fire in the restaurant and motel. Appellant recognized its liability and told appellees James R. Deal, Elizabeth A. Deal, Chad Deal and James R. Deal, Jr., to figure up their damages. When appellees presented their bill, appellants considered it exorbitant and told appellees that they could go to court. Appellees then settled their fire claim with intervenor Miller's Mutual Fire Insurance Company of Fort Worth, Texas for $24,024.97. Appellees furnished proof that

their damages amounted to $64,847.12. Appellants furnished proof that the damages amounted to only $5,287.00. The jury fixed the damages at $45,000. Appellant appeals raising the issues hereinafter discussed.

POINT I. Appellant contends that the trial court erred in refusing to strike the testimony of Wilson Cox or portions thereof. It takes the position here that "there was no reasonable and fair basis for his opinion or estimate as to damages or a basis for any other witness or the jury to determine the before and after valuation on kitchen equipment and other furniture, fixtures and appliances." We find no merit to this contention. The objection made in the trial court as abstracted by appellant is as follows:

> "At this time Defendant moved for the Court to strike all of the witness' testimony as not being qualified to give an estimate as to damages on the kitchen equipment or anything else except perhaps the building."

Thus, we see that the issue relative to whether the witness gave a reasonable and fair basis for his testimony is raised for the first time on appeal. Furthermore, the witness after the objection was again examined on redirect and recross and appellant's motion to strike his testimony was not renewed.

POINT II. Appellant contends that the trial court erred in refusing to strike the testimony of witness Gilbert Appleson. We find no merit to this contention. Appleson, in addition to testifying to the cost of new kitchen equipment as of the date of the fire, testified that the reconditioning or repairing of the kitchen equipment that had gone through the fire would be prohibitive from an economic standpoint. In the trial court appellant moved to strike the entire testimony of Appleson. Upon the motion made, the trial court did not err in denying the motion to strike the entire testimony of the witness. Consequently, we need not for purposes of review, determine whether any portion of Appleson's testimony was inadmissible.

POINT III. Appellant contends that the trial court erred in permitting the jury to consider loss of profits for more than three months following the fire. We agree with appellant that if the owners of damaged property fail to make reasonable ex-

penditures to minimize such injury, they cannot recover damages for any injuries which by the exercise of reasonable care they could have avoided. However, under the proof here presented, we cannot say that a fact issue was not presented that should have been submitted to the jury. There is proof in the record from which the jury could have found that appellees did all that they could within their financial ability to minimize their damages. After all it was appellant who destroyed appellees' income that caused appellees to get behind on the SBA payments and resulted in the SBA tying up the insurance funds for 5½ months.

POINT IV. Appellant furnished proof that appellees' occupancy rate at the motel never exceeded 51% and that during the time following the fire appellees never turned a customer away. However, appellant admits that at least Room 21 of the motel will be unavailable for use during the time necessary for repairs following the fire. Appellees contend that there was smoke damage in other rooms of the motel. Based upon this evidence, appellant argues that the trial court erred in permitting the jury to award damages for loss of rental value of the motel. Both appellant and appellees rely upon the case of *Ross v. St. Louis I. M. & S. Ry. Co.,* 120 Ark. 264, 179 S.W. 353 (1915). In the comment on Clause (a) of the *Restatement of the Law of Torts,* § 931, we find the following:

> "(b) The owner of the subject matter is entitled to recover as damages for the loss of the value of the use, at least the rental value of the chattel or land during the period of deprivation. This is true even though the owner in fact has suffered no harm through the deprivation, as where he was not using the subject matter at the time or had a substitute which he used without additional expense to him. The use to which the chattel or land is commonly put and the time of year in which the detention or deprivation occurs are, however, to be taken into consideration as far as these factors bear upon the value of the use to the owner or the rental value."

Consequently, we find no error in permitting the loss of rental value to be determined by the jury.

POINT V. Finally appellant argues that the verdict was excessive. The record in this case exceeds 1100 pages. Appellant's abstract of the record takes up the first 238 pages of its brief and it spends 15 pages arguing the excessiveness of the verdict. We have concluded that there is substantial evidence to support the verdict of the jury and in the interests of brevity so conclude without a recitation of the detailed facts.

Affirmed.

We agree: HARRIS, C.J., and HICKMAN and HOWARD, JJ.