David FRYAR d/b/a Fryar's Transmission Service *v.* Ruth K. SANDERS

89-230                                             784 S.W.2d 168

Supreme Court of Arkansas
Opinion delivered February 20, 1990

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Jacob Sharp, Jr.* and *Brian Allen Brown*, for appellant.

*Stephany Ruth Slagle*, for appellee.

STEELE HAYS, Justice. By this appeal appellant asks us to reverse the trial court for permitting the jury to award damages for loss of use of a completely destroyed automobile. We think the issue was properly submitted to the jury, and accordingly, we affirm.

Ruth Sanders, appellee, brought this action against David Fryar, d/b/a Fryar's Transmission Service, appellant, for the fair market value and loss of use of her 1982 Subaru automobile. The vehicle was totally destroyed on June 11, 1987, while being test driven by the appellant following the installation of a new transmission. The jury awarded Ms. Sanders $4,200 for the value of the vehicle and $2,152.60 for loss of use, evidently accepting her testimony that she had asked appellant about a rental car and he told her to go and rent a car, that she waited some two and one half weeks for the appellant "to do right about my car" before renting one for $20 per day. She said that although she had a second car it was in the repair shop with engine trouble, that she had two jobs and a daughter in college, had visited Subaru dealers in Little Rock, Fayetteville, Benton, and Malvern, but could not get credit and had finally bought a 1978 Oldsmobile from a friend for $100 down and $100 per month.

Prior to the decision in *Sharp* v. *Great So. Coaches, Inc.*, 256 Ark. 773, 510 S.W.2d 266 (1974), Arkansas had long adhered to the view that damages for the loss of use of a vehicle during repairs were not recoverable. *Madison Smith Cadillac Co.* v. *Wallace*, 181 Ark. 715, 27 S.W.2d 524 (1930). By 1972 Arkansas was the only state committed to that position. *Jones* v. *Herrin*, 252 Ark. 837, 481 S.W.2d 362 (1972). That rule was changed

abruptly in *Sharp* v. *Great So. Coaches, supra*, and two years later the legislature effectively preempted our holding by the passage of Act 643 of 1975 [Ark. Code Ann. § 27-53-401 (1987)] which reads in full:

> In all cases involving damage to motor vehicles, the measure of damages shall be the difference between the value of the vehicle immediately before the damage occurred and the value after the damage occurred, plus a reasonable amount of damages for loss of use of the vehicle.

Appellant contends that the rule should not apply when a vehicle is totally destroyed, citing Annot., *Recovery for Loss of Use of Motor Vehicle Damaged or Destroyed*, 18 A.L.R.3d 497 (1968), which lists a majority of states as having taken that position. We concede as much, but note that even among those states so listed, some allow recovery for loss of use for a reasonable time until it can be determined whether the vehicle is repairable, *id*. § 8, and others permit recovery for loss of use until a destroyed vehicle can be replaced. *Id*. § 9. Yet the rule appellant would have us adopt would make no allowance for special circumstances. It would simply exclude damages for loss of use where the vehicle was damaged beyond repair.

We decline that invitation, if for no other reason than because it would require that we read into the 1975 statute language which the legislature did not include. The statute makes no mention of loss of use being limited to vehicles which are only partially damaged, nor does it purport to exclude recovery when a vehicle is totally destroyed, or limit its application to commercial vehicles. The act merely declares that "in all cases involving damage to motor vehicles" the measure will be the before and after value, *"plus a reasonable amount of damages for loss of use of the vehicle."* [Our emphasis.] We find that language clear and unambiguous and consider it our duty to apply it without adulteration.

As an alternative argument, appellant asks that should we determine that the appellee is entitled to some loss of use, we limit the amount to the rental value of a comparable car for a reasonable time to seek a replacement for the destroyed vehicle. But without exploring the record, we think that issue was essentially what the jury was being asked to decide when

instructed, as it was, in accordance with AMI 2210. The instruction told the jury to determine the amount it found to be reasonable for the plaintiff's loss of use of her automobile, and we cannot say the evidence was lacking to support the amount awarded.

AFFIRMED.

GLAZE, J., not participating.