SOUTHWESTERN BELL TELEPHONE COMPANY *v.*
HARRIS COMPANY of Fort Smith

02-1261                                         109 S.W.3d 637

Supreme Court of Arkansas
Opinion delivered June 5, 2003

488

*J. Slocum Pickell*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Clifford W.Plunkett* and *John F. Peiserich*, for appellee.

TOM GLAZE, Justice. This appeal was certified to the supreme court by the court of appeals pursuant to Ark. Sup. Ct. R. 1-2(g), which provides that cases may be transferred between the courts in order to achieve a fair allocation of the appellate workload.

On April 9, 2001, the Harris Company was working to widen and lower a road when, in the course of excavating part of the road bed, one of its machines damaged a buried phone line belonging to Southwestern Bell. The phone line consisted of a copper cable, used for transmitting telephone lines and data, and a fiber optic cable. Prior to beginning its excavation, Harris Co. failed to comply with the notice requirements set out in Ark. Code Ann. § 14-271-101 *et seq.* (Repl. 1998), the Underground Facilities Damage Prevention Act.[1] Southwestern Bell sued Harris Co. to recover its losses incurred as a result of the damages to the phone lines; the complaint sought damages totaling $21,865.08, including damages "related to the repair of the telephone/data lines and equipment, labor, materials, and loss of use." Harris Co. admitted that it damaged Southwestern Bell's telephone lines, but denied that the damages were as excessive as Southwestern Bell claimed. Harris Co. also denied that Southwestern Bell was entitled to any damages for "loss of use," because any such damages would constitute an unjust enrichment.

---

[1] These statutes, particularly Ark. Code Ann. § 14-271-112, require any person who engages in excavation or demolition activities to serve notice of intent to excavate or demolish to any public utility owning or operating an underground facility that might be affected by the excavation.

Because Harris Co. admitted liability for causing the damage to Southwestern Bell's telephone lines, the case proceeded to jury trial solely on the question of damages. Prior to trial, counsel for both sides discussed whether evidence regarding loss of use would be relevant and admissible. Counsel for Southwestern Bell contended that such evidence was relevant, arguing that the company should be permitted to demonstrate to the jury how much it would have cost them to rent replacement lines for the amount of time that the cables were inoperable. Counsel for Harris Co. responded that Southwestern Bell did not actually go out and rent any additional cables, so any evidence to that effect would have been irrelevant. The trial court, noting that there were jury instructions that covered damages to personal property, but did not mention loss of use, ruled that any evidence of what it would have cost Southwestern Bell to rent extra lines was irrelevant, because Southwestern Bell had not actually rented any lines.

At the close of Southwestern Bell's case, the trial court granted a partial directed verdict in favor of Harris Co., on the issue of loss-of-use damages. At the end of the trial, the jury awarded Southwestern Bell $7,000 in damages. The judgment was entered on September 6, 2002, and Southwestern Bell filed a timely notice of appeal. On appeal, Southwestern Bell argues that the trial court erred as a matter of law in finding that loss of use was not an appropriate element of damages, in determining that there was insufficient evidence of loss of use, and in excluding evidence and testimony regarding loss-of-use damages.

■ ■ In Arkansas, the measure of damages to personal property is calculated by determining the difference in the fair market value of the property immediately before and immediately after the occurrence. In determining this difference, the factfinder is allowed to take into consideration the reasonable cost of repairs. AMI Civ. 4th 2227; *see also Daughhetee v. Shipley*, 282 Ark. 596, 669 S.W.2d 886 (1984); *Nicholas v. Bingamon*, 219 Ark. 748, 244 S.W.2d 782 (1952). Generally, however, one is not entitled to recover damages for the loss of use of personal property, except in cases of damage to an automobile. *See Sharp v. Great Southern Coaches, Inc.*, 256 Ark. 773, 510 S.W.2d 266 (1974) (the court

pointed out that Arkansas was the only state that denied recovery for loss of use of a vehicle; the court then proceeded to hold that, when a vehicle is partially destroyed, loss of use of the vehicle should be considered as an element of damages, and cases inconsistent with that proposition were overruled).[2]

■ Subsequent to this court's decision in *Sharp, supra,* the General Assembly passed Act 643 of 1974, which is now codified at Ark. Code Ann. § 27-53-401 (1987). That statute provides as follows:

> In all cases involving damage to motor vehicles, the measure of damages shall be the difference between the value of the vehicle immediately before the damage occurred and the value after the damage occurred, *plus a reasonable amount of damages for loss of use of the vehicle.*

(Emphasis added.) This statute has since been incorporated into AMI Civ. 4th 2210, and that instruction has been applied and cited as recognizing that, under Arkansas law, one can recover loss-of-use damages in cases involving automobiles. *See Zhan v. Sherman,* 323 Ark. 172, 913 S.W.2d 776 (1996); *Daughhetee v. Shipley, supra.*

However, in cases dealing with damage to personal property other than motor vehicles, there is no comparable provision in the Arkansas Model Jury Instructions or in the Arkansas Code. The jury instruction on damages to personal property — AMI Civ. 4th 2227 — provides that the measure of damages to personal property is as follows:

> The difference in the fair market value of his [insert description of the property] immediately before and immediately after the occurrence. [In determining this difference you may take into consideration the reasonable cost of repairs.]

---

[2] The cases overruled by *Sharp* included *Jones v. Herrin,* 252 Ark. 837, 481 S.W.2d 362 (1972); *Kane v. Carper-Dover Mercantile Co.,* 206 Ark. 674, 177 S.W.2d 41 (1944); and *Madison-Smith Cadillac Co. v. Smith,* 181 Ark. 715, 27 S.W.2d 524 (1930). The *Sharp* court also noted that Arkansas "ordinarily recognize[s] loss of use as an element of damages where the *detention* of other types of property is involved." *Sharp,* 256 Ark. at 774. Notably, the case said nothing about *damage* to personal property, other than motor vehicles that are not entirely destroyed.

Nevertheless, Southwestern Bell insists that Arkansas should recognize damages for loss of use in cases involving personal property other than motor vehicles, and that it should be permitted to recover damages for the loss of use of its cables, because, it claims in its brief, "the recoverability of loss-of-use damages serves to protect property rights." In support of this argument, Southwestern Bell cites *Arkansas-Missouri Power Co. v. Deal*, 263 Ark. 645, 566 S.W.2d 747 (1978), wherein this court held that a hotel owner was entitled to damages for the lost rental value of his fire-damaged hotel, even though the hotel never turned a customer away during the time after the fire. Southwestern Bell claims that this case demonstrates that Arkansas "allows an owner whose property has been damaged by the tortious conduct of another the recoverable costs to repair the damaged property *and* the loss of use of property during the time of repair."

However, *Deal* is distinguishable in one very significant way. *Deal* involved damage to a hotel, which is real property, and not personal property. Damages to real property are covered in AMI Civ. 4th 2224, which provides that when damage to real property is temporary or repairable, the measure of damages is "the reasonable expense of necessary repairs to any property which was damaged [*plus compensation for any loss of its (rental) (usable) value during the time that* [the owner] *was deprived of its use.*]" (Emphasis added.) Because damages for loss-of-rental value is encompassed within the instruction for damages to real property, *Deal* is inapposite.

Ultimately, what Southwestern Bell seeks to recover is compensation for what it would have cost it to rent lines and cables to replace the ones damaged by Harris Co. However, counsel for Southwestern Bell admitted that the phone company had never rented replacement lines. Arkansas law simply does not recognize "loss-of-use" damages for personal property other than motor vehicles. The trial court's decision to exclude this evidence was entirely correct because this case involved personal property that was not a motor vehicle. Even if Arkansas had adopted loss of use for damaged personal property, such as the copper lines involved here, Southwestern Bell admitted that it had not suffered

damages of this kind. Despite Southwestern Bell's contention to the contrary, the calculation the company proffered was not the correct measure of damages.

■ Southwestern Bell's final two points on appeal stem from its argument that Arkansas should recognize loss-of-use damages. Southwestern Bell argues that the trial court abused its discretion in excluding testimony regarding loss of use. However, because Arkansas does not recognize loss of use as a measure of damages in cases involving damages to personal property other than automobiles, Southwestern Bell's evidence and testimony related to loss-of-use damages was irrelevant, and therefore inadmissible. *See* Ark. R. Evid. 402.

Additionally, Southwestern Bell contends that the trial court erred in granting the partial motion for directed verdict on the issue of loss-of-use damages. During trial, the court prevented Southwestern Bell from introducing the testimony of Johnny Carter, Southwestern Bell's risk manager, who would have offered evidence of how much it would have cost Southwestern Bell to rent replacement cables during the six hours in which the severed cable was unavailable. As discussed above, the trial court ruled that this evidence was irrelevant and inadmissible. Southwestern Bell then proffered the testimony that Carter would have given as to how he calculated loss of use. On appeal, Southwestern Bell claims that, because loss of use is a viable element of damages in Arkansas, the trial court abused its discretion in excluding this testimony, which went to the heart of proving its damages.

■ Of course, Southwestern Bell's argument is based on its improper assumption that loss-of-use damages are recoverable in Arkansas. As noted above, such damages do not constitute a viable claim in Arkansas, and the trial court therefore did not abuse its discretion in excluding Southwestern Bell's evidence. Accordingly, we affirm the trial court's granting of Harris Co.'s motion for partial directed verdict on the issue of loss of use.

Corbin, J., not participating.