### TEMPLE v. WALKER.

### Opinion delivered February 12, 1917.

1. AUTOMOBILES—COLLISION WITH BUGGY—CONTROL OF TRAFFIC BY CITY.—A city ordinance provided traffic regulations for horse drawn vehicles and automobiles; in making a turn to go into another street, defendant, who was driving an automobile, struck a horse, which plaintiff was driving to her buggy, resulting in an injury to plaintiff. In an action for damages by plaintiff, it appeared that defendant had violated the ordinance in making the turn to go into the other street. *Held*, in instructing the jury, it was error for the court to charge that defendant would be liable if he violated the ordinance, and that such act was the proximate cause of plaintiff's injury, irrespective of whether he was guilty of negligence or not, in driving his automobile as he did.

2. MUNICIPAL CORPORATIONS—ESTABLISHING RIGHTS AND LIABILITIES BETWEEN CITIZENS BY ORDINANCE—AUTOMOBILES.—A municipal corporation has not the power to create a right of action between third persons, nor to enlarge the common or statutory liability of citizens among themselves.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; reversed.

*Webber & Webber,* for appellant.

1. The court erred in giving the second instruction. It is abstract and assumes that the ordinance was violated and that appellant *must* go to the center of the street under all circumstances and at all hazards.

A violation of the ordinance would not *per se* constitute negligence. The question of negligence was for the jury. 90 Neb. 200; 41 L. R. A. (N. S.) 337; 66 N. W. 671; 109 Mich. 37; 63 L. R. A. 668, 670; 100 N. Y. Supp. 208; 103 *Id.* 578. Negligence is the gist of the action. Without it there can be no recovery.

This instruction put the burden on appellant to show that he *actually went* to the center of the street. It is in conflict with all the other instructions given at defendant's request, which correctly state the law. It is error to give conflicting instructions, and the giving of an erroneous one is not cured by a correct one where the two are conflicting. 79 Ark. 12; 83 *Id.* 202; 87 *Id.* 364; 88 *Id.* 550; 94 *Id.* 311; 99 *Id.* 387; 104 *Id.* 67.

2. The violation of an ordinance is not determinative of the question of negligence. Negligence must be proven as the proximate cause of the injury, and before one can be held liable, it must be shown that the injury was one a person of ordinary foresight and prudence would have anticipated. 66 Ark. 68; 69 *Id.* 402; 97 *Id.* 160.

3. The preponderance of the evidence is with the defendant and the verdict would have been for him, except for the error of the court.

*John N. Cook,* for appellee.

1. Only a general objection was made to instruction No. 2. 87 Ark. 396.

2. It is hypothetical and places the burden on appellee and clearly states the law applicable to the facts. 86 Ark. 553; 41 L. R. A. (N. S.) 346.

3. Under the circumstances the verdict and judgment are right without reference to the instructions. 89 Ark. 154; 107 *Id.* 130; 92 *Id.* 490.

SMITH, J. Appellee recovered judgment against appellant to compensate an injury sustained by her as the result of a collision between a buggy in which she was riding, with an automobile driven by appellant.

No error prejudicial to appellant appears to have been committed except in the giving of an instruction numbered 2, which reads as follows:

"If you find from a preponderance of the evidence that the plaintiff was traveling south on the right side of Hazel Street, and that the defendant was traveling north on the right side of said Hazel Street, and that the defendant without going to the center of said Hazel Street, negligently turned his automobile west and attempted or started to turn on the left side of Fifth Street near the curb of the left corner of Fifth Street, and thereby struck and injured the plaintiff and that his failure to go to the center of said Hazel Street before attempting to turn into Fifth Street was the proximate cause of said injury, your verdict should be for the plaintiff."

There was introduced in evidence a traffic ordinance of the city of Texarkana, where the collision occurred, which reads as follows:

"Section 1. That the term vehicle as used in this ordinance shall include all buggies, wagons and things of like nature, automobiles, locomobiles, motor cycles and things of like nature.

"Section 2. That all persons driving or propelling vehicles upon the streets of this city shall drive on the right side of any and all streets as close to the curb as possible, and when intending to drive into any cross street, shall proceed to the center of such street before turning into same.

"Section 3. All drivers of vehicles on said streets who may desire to cross from one side to the other, shall drive to the intersection of any two streets before turning to reach such other side of the street. In passing a vehicle going in the same direction, all drivers shall pass to the left of such vehicle as nearly as possible to the center of the street.

"Section 4. All persons driving vehicles on streets congested or crowded with other vehicles and pedestrians, shall drive very slowly and if driving a motor vehicle, shall change to a lower gear and move very

carefully, and, if necessary, come to a full stop to allow such vehicles and pedestrians to clear the way."

It will be observed that the instruction quoted required the observance of this traffic ordinance by imposing upon appellant the duty of going to the center of the street down which he was driving before turning into another, and tells the jury that if "his failure to go to the center of said Hazel Street before attempting to turn into Fifth Street was the proximate cause of said injury, your verdict should be for the plaintiff." The instruction does not permit the jury to say whether the failure of appellant to go to the center of the street was a negligent act or not, but assumes that it was and directs a verdict accordingly if it be found to be the proximate cause of the injury.

This it should not have done. The jury should have been allowed to say, notwithstanding the existence of the ordinance, whether the act of appellant was a negligent one.

Appellant testified that he went to "about" the center of the street before turning, and while he evidently, to some extent, at least, "cut the corner," he says he did so in order to comply with section 3 of the ordinance which required him to pass the buggy by driving to its left, and that he would have passed the buggy safely without striking it but for the fact that the horse was unexpectedly turned to the left, thereby placing the buggy near the curb and on the wrong side of the street, causing him to strike the horse and buggy before he could stop his car, notwithstanding the fact that it was running at a very low rate of speed.

In the recent case of *Bain v. Fort Smith Light & Traction Co.*, 116 Ark. 125, we had occasion to consider the question of negligence as predicated upon a violation of a city ordinance regulating traffic in its streets, and the leading cases upon the subject are cited there. It was there held that such ordinances are admissible in evidence to be considered in the determination of the question of negligence resulting in an injury which would have been averted had the ordinance been ob-

served; but that the observance or non-observance of the ordinance is not determinative of the question of negligence. It was there said that "it is not within any of the general or special powers conferred upon municipal corporations in this State to create a right of action between third persons, nor to enlarge the common law or statutory liability of citizens among themselves."

A later case upon the subject and one which approves the rule announced in *Bain* v. *Fort Smith Light & Traction Co., supra,* is that of *Pankey* v. *Little Rock Ry. & Elec. Co.,* 117 Ark. 337.

For the error indicated, the judgment will be reversed and the cause remanded for a new trial.