Schubach *v.* Traicoff.

4-8678                              216 S. W. 2d 395

Opinion delivered January 10, 1949.

*Cracraft & Cracraft,* for appellant.

*O. C. Brewer* and *A. M. Coates,* for appellee.

Smith, J. Appellants, Charles Schubach and Mrs. Charles Schubach, who are husband and wife, brought this suit to recover damages to a truck and to compensate the personal injuries sustained by Mrs. Schubach. There was a verdict and judgment in favor of defendant Traicoff, from which judgment is this appeal.

As is usual in these cases, each party exonerated himself and blamed the other for the collision, which had occurred between appellants' truck and appellee's automobile. When the conflicts in the testimony have been resolved in favor of appellee, as we are required to do in testing the legal sufficiency of the testimony

to support the verdict and judgment, the controlling facts may be stated as follows:

Charles Schubach is a dairy farmer, and also plants cotton. Mrs. Schubach does not drive a truck or car, but her sister, Mrs. Bearden, who lives with them as a member of the family, does. The Schubach farm is located on Highway No. 20, about one and one-half miles west of the City of West Helena. Their residence is on the south side of the highway, and on the date of the collision, after the day's work was done, Mrs. Schubach and Mrs. Bearden drove the truck to South Helena, a distance of about three miles, to transport cotton choppers who had chopped cotton during the day on the farm. After the cotton choppers had been transported to South Helena, Mrs. Schubach and her sister returned by way of West Helena to their home, which required them to drive west on Highway 20, on the north or right side of the highway, to a point where they had to make a left turn across the highway into their private driveway which, as stated, was on the left hand side of the road.

Appellee was following the truck in a new automobile accompanied by his wife and their four children. According to appellee he was driving carefully, on a good road, at a speed of fifty to fifty-five miles per hour. The ladies in the truck estimated the speed of the car, which they saw approaching them, at about seventy miles per hour. As the ladies approached the private driveway in the truck, they reduced their speed and appellee testified that he thought they were going to stop, as he had blown his horn to indicate his intention of passing them, but instead of stopping, they made a left turn to cross the highway, but before doing so the truck was driven to the right off the improved portion of the highway until the right front and rear wheels of the truck were about two or three feet off on the shoulder, indicating, as appellee thought, an intention to stop. But without giving any sign or indication of an intention to make the left turn to cross the highway, Mrs. Bearden proceeded to make the left turn and the collision oc-

curred. Both Mrs. Schubach and Mrs. Bearden admitted that they saw the approaching car, but denied that any warning was given of an intention to pass. Appellee's testimony was that he had given this warning in the time and manner required by law, by blowing his horn.

Without further recitation of the testimony it may be said that the testimony on appellee's behalf exonerates him from the charge of negligence and places the responsibility for the collision on Mrs. Bearden in attempting to cross the highway in front of the automobile which she and Mrs. Schubach knew was approaching.

The reversal of the judgment is not asked upon the ground that it is not sustained by the testimony, but upon the ground that the court erred in the instructions to the jury defining the responsibility and liability of the parties, and that because of the erroneous instructions the law was not correctly applied to the facts, even as appellee contends and concedes them to be.

It may be said that the court, at appellants' request, declared the law applicable to appellants' theory of the case. We do not set out or discuss these instructions, as they were given at appellants' request, and it is not questioned that they are correct declarations of the law. Under the law as therein declared, the verdict would have been in appellants' favor, had the testimony in their behalf been accepted as true.

Appellants say the vital issue in the case is whether, under the evidence offered, the contributory negligence of Mrs. Bearden, the driver of the truck, should be imputed as a matter of law to the appellant, Mrs. Schubach, who was a mere occupant of the truck. But Mrs. Schubach was something more than a mere occupant of the truck. The undisputed evidence is that she was assigned a duty and given orders by her husband and it was in discharge of these orders that the collision occurred. The record does not disclose on just what terms Mrs. Bearden resided with her sister, Mrs. Schubach, but Mrs. Bearden undertook to perform a service at

Mrs. Schubach's request, which was required by Mr. Schubach's direction, that the cotton choppers be returned from their work in the fields to their homes. Mrs. Schubach did not drive the truck, as she was unable to do so, but she procured the services of her sister for that purpose.

The controlling instructions in the case are those numbered 6 and 11. Instruction numbered six, reads as follows:

"You are instructed that if you should find from the evidence in this case that the truck in which the plaintiff, Mrs. Schubach, was riding, at the time of the collision was owned by her husband, Mr. Schubach, and that she had obtained the use of said truck from her said husband and procured the services of Mrs. Bearden in driving said truck for her, then you are instructed that if you should believe from the evidence that Mrs. Bearden was negligent in the operation of said truck and that such negligence, if any was the approximate cause of the collision or contributed thereto then such negligence on the part of the driver would be imputed to the plaintiff, Mrs. Schubach, and she cannot recover in this action and your verdict should be for the defendant." Instruction No. 11 is to substantially the same effect.

The chief objection to the instruction No. 6 is that there was no testimony on which it could be predicated. The instruction makes application of the doctrine of *respondeat superior* and does not tell the jury as a matter of law that Mrs. Bearden was the agent of Mr. and Mrs. Schubach, but submits that question of fact to the jury. If Mrs. Bearden became the servant and agent of Mr. and Mrs. Schubach in driving the truck, the usual rules applicable to the relationship of master and servant would apply, and we think the testimony sufficient to raise that issue. We copy Mrs. Schubach's testimony on this issue:

"Q. Whose truck were you riding in? A. Ours. Q. I believe on the date you stated you had to take some cotton choppers home? A. Yes, sir. Q. By reason of the

fact that you did not drive you got your sister, Mrs. Bearden, to drive the truck? A. Yes, sir. Q. That was on business for yourself and your husband?" A. To take them home. Q. Where did you take the cotton choppers to? A. To the Helena crossing by the old dirt road."

Although Mrs. Schubach was later recalled as a witness in her own behalf and that of her husband, she was not asked to explain the testimony above copied, which is to the effect that in transporting the cotton choppers she was performing a service for herself and her husband. Mrs. Bearden was on no mission of her own in driving the cotton choppers home from their labors, but was acting for and as the servant of both Mr. and Mrs. Schubach, who cannot predicate a defense upon the negligence of their servant, committed in the discharge of her employment. Whether Mrs. Bearden was in fact negligent was of course a question of fact which was submitted to the jury under correct instructions.

As no error appears, the judgment must be affirmed and it is so ordered.