MENSER *v.* DANNER.

4-9515                                            240 S. W. 2d 652

Opinion delivered June 11, 1951.

Rehearing denied July 9, 1951.

*Barber, Henry & Thurman* and *Tompkins, McKenzie & McRae,* for appellant.

*Denman & Denman* and *Tom W. Campbell,* for appellee.

ROBINSON, J.   On the 7th day of December, 1949, the appellee, Elsie Danner, was driving an automobile on West Second Street in Prescott.   Paul Harris was driving a truck, belonging to Earl Menser, on Elm Street. The two automobiles collided in the intersection of the two streets.   As a result of this collision, Mrs. Danner sued Earl Menser and recovered a judgment in the sum of $20,000, for personal injuries.

The evidence, viewed in the light most favorable to the appellee, is to the effect that on the day of the collision, the weather was very cold and ice covered everything.   Mrs. Danner's husband had scraped the ice from the windshield of the car she was driving and there was no ice on the windshield at the time of the collision. There was ice on the windshield of the Menser truck, Harris,

the driver, having scraped away a small area in front of the driver. There was a stop sign at the intersection, whereby the users of Second Street were warned to stop before entering Elm Street. Mrs. Danner brought her car to a full stop and looked in both directions but did not see the Menser truck. Mrs. Danner testified that: "The truck must have been coming at an awful rate of speed or I would have seen it." She then proceeded to cross Elm Street and had reached a point more than half way across when her automobile was struck by the Menser truck. Mrs. Danner was knocked unconscious and her car proceeded some 50 to 100 feet on Second Street before coming to a stop. The Menser truck stopped against a post at one of the corners of the intersection. Mrs. Danner was seriously and permanently injured.

Most of the facts, as above stated, were sharply contradicted, but such are the facts when viewed in the light most favorable to the appellee, which we must do. *East Texas Motor Freight Lines* v. *Buck,* 213 Ark. 640, 212 S. W. 2d 13; *Schubach* v. *Traicoff,* 214 Ark. 375, 216 S. W. 2d 395.

Appellant contends that Mrs. Danner was, as a matter of law, guilty of contributory negligence in failing to see the approaching Menser truck and was, therefore, guilty of contributory negligence in driving out into the intersection when the truck was so close as to constitute a hazard. In support of this contention, appellant cites several cases dealing with collisions at railroad crossings, but the caution required, by the law of this State, of one about to cross over a railroad track has not been made to apply also to street crossings. Appellant also cites *Waters, Pierce Oil Co.* v. *Knisel,* 79 Ark. 608, 96 S. W. 342, but that case turned on the question of "physical impossibility." The court said:

"All the other facts and circumstances point to the same conclusion. Defendant's words cannot be believed, when contradicted, as they are, by the physical facts. Neither courts nor juries should be required to base their

actions or beliefs on physical impossibilities." We cannot say, as a matter of law, it was physically impossible for Mrs. Danner to fail to see the Menser truck at the time, the place, and under the conditions that existed unless she was negligent.

In the case of *Bauman* v. *Black & White Town Taxis Co.*, 263 Fed. 554, the court said: "Before attempting to cross, and as he left the curb, plaintiff in error looked both to the east and west and saw no motor car approaching. * * * The law does not say how often he must look, but he must exercise that care which an ordinarily prudent person would exercise in making a similar attempt in crossing the street. Even though the taxicab may have been within the 200 feet he said he had a view of and in the middle of the street, we cannot say as a matter of law that he should have seen the taxicab."

In the case of *Van Bibber* v. *Strong*, 203 Ark. 1090, 160 S. W. 2d 861, a car's headlights threw a beam of light 300 feet, but the driver, Strong, did not see a parked truck until within 30 or 40 or 50 feet of it. This court said: "Strong's actions are dangerously near the border line where contributory negligence as a matter of law should come to appellant's aid. Doubt, however, is resolved in favor of the verdict, and the questions of fact as found by the jury will not be disturbed."

"The rule is that where fair minded men might honestly differ as to the conclusion to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury." *St. L. I. M. & S. Ry. Co.* v. *Fuqua*, 114 Ark. 112, 169 S. W. 786.

At the plaintiff's request the court gave the following instruction: "If you find from a preponderance of the evidence in this case that the plaintiff, Mrs. Danner, while in the exercise of reasonable care, had driven her car into the intersection in question before the truck of the defendant had entered said intersection, you are instructed that Mrs. Danner had the right-of-way." Of course, the court did not mean, and the jury could not have understood, by this instruction that Mrs. Danner

could bring her automobile to a stop before entering the intersection, then negligently drive out into the intersection, and still have the right-of-way, regardless of the fact that she might have been negligent in driving into the intersection when the Menser truck was so close as to constitute a hazard, for, in addition to the instruction which has been referred to, the court told the jury: "If you find from the evidence that Mrs. Danner was guilty of any negligence, however slight, which caused or contributed to bring about the collision, then you are told that she is not entitled to recover herein and your verdict should be for the defendant."

Also, the court instructed the jury: "If you find from the evidence that Mrs. Danner did not stop at the stop sign and you further find and believe from the evidence that her failure to stop caused, or proximately contributed to bring about the collision, she is not entitled to recover herein, and this is true regardless of whether the Harris truck was on its right or left side of Elm Street, and regardless of whether Paul Harris was negligent."

And the jury was further told: "If, after hearing all the testimony in this case, you find and believe from the testimony that Mrs. Danner and Paul Harris were both guilty of negligence in bringing about the collision, then you are told Mrs. Danner cannot recover herein, and your verdict should be for the defendant."

Moreover, the court also instructed the jury: "If you find from the evidence that, as Mrs. Danner approached the intersection, she stopped at the stop sign, and you further find that at the time Paul Harris was nearing the intersection and was in such close proximity thereto as to constitute an immediate hazard, and you further find that Harris was in plain view of any person making a reasonable use of his eyesight and situated as was Mrs. Danner at the time, then she had no right to continue into the intersection in front of the approaching truck, and if she did so, and her car was struck by the truck and she was injured, she is not entitled to recover

damages herein, and your verdict will be for the defendant.''

The sum and substance of the court's instructions to the jury in regard to the right-of-way at the intersection was that, if Mrs. Danner was in the intersection first, and there was no negligence on her part in getting there first, then she had the right-of-way, which is the law of this State. *Brown* v. *Parker,* 217 Ark. 700, 233 S. W. 2d 66.

Appellant argues that *Brown* v. *Parker* does not apply here because that case does not take into consideration § 75-623, Ark. Stats., which deals with the right-of-way at the intersection of a through street. Although *Brown* v. *Parker* does not specifically mention the Statute, the opinion is in harmony therewith. The instruction complained of in *Brown* v. *Parker* told the jury, *inter alia,* ''if you find that she [Mrs. Brown] failed to yield the right-of-way to Parker when she was under a duty to do so, and that such failure on her part was negligence, and that such negligence was the sole and proximate cause of the accident, or accidents; [3 parties were involved in the collision] then in that event you cannot return a verdict against Parker in this case.'' It will thus be seen that the instruction was in harmony with the Statute. After all, the issue in the Parker case, as here, is one of negligence. In the cited case it was pointed out that the court had held in *Murray* v. *Jackson,* 180 Ark. 1144, 24 S. W. 2d 960, ''that the superior right of the driver first entering the intersection prevailed even when there was a city ordinance giving the right-of-way to the vehicle entering the intersection from the right, the ordinance being deemed not applicable when the driver on the right was last to enter the intersection.'' Also, in *Brown* v. *Parker* it was said: ''Thus, there might be a case in which the car that first enters the intersection does so by dashing out rapidly in front of a car that is proceeding slowly and properly toward the intersection, so that the driver of the second car has no opportunity to guard against the danger created by the first car which suddenly and unexpectedly looms up in the intersection beforehand.''

In the case at bar there is substantial evidence that Mrs. Danner stopped at the intersection, looked and did not see the Menser truck. Just who was negligent in the circumstances was a question for the jury.

Appellant assigned as error the court's refusal to give instruction No. 6 requested by appellant which deals with the right-of-way where two vehicles approach an intersection at approximately the same time. Even though Mrs. Danner did approach the intersection first, it is asserted that the stop sign made it her duty to stop, and yield the right-of-way to any vehicle approaching on the through street, if such vehicle were close enough to constitute an immediate hazard. The jury was correctly instructed on this point when the court gave appellant's instructions set out above. The court is not required to give a multiplicity of instructions covering the same point.

Complaint is made of the court's modification of appellant's requested instruction No. 10 which is as follows: "If you find from the evidence that as Mrs. Danner approached the intersection she stopped at the stop sign, and you further find that at the time Paul Harris was nearing the intersection and was in such close proximity thereto as to constitute an immediate hazard, and you further find that Harris was in plain view of any person making a reasonable use of his eyesight and situated as was Mrs. Danner at the time, *then you are told that Mrs. Danner will not be heard to say that she did not see the truck, but she is charged with having seen it as a matter of law,* and she had no right to continue into the intersection in front of the approaching truck, and if she did so, and she was injured, she is not entitled to recover damages herein, and your verdict will be for the defendant." The court struck out the underscored portion. That portion deleted by the trial court was argumentative, and also required Mrs. Danner, as a matter of law, to see the Menser truck. As heretofore pointed out, it was a question for the jury as to whether she was negligent in failing to see the approaching Menser truck; or whether the Menser truck was so close as to consti-

tute an immediate hazard at the time Mrs. Danner stopped and looked; or whether the truck struck Mrs. Danner before she cleared the intersection due to the speed at which the truck was traveling.

Instruction No. 11, requested by appellant and refused by the court, has to do with the agency of Harris, the driver of defendant's truck. The instruction would have tended to confuse the jury in that it would have told the jury that the burden was on Mrs. Danner not only to show the negligence of the defendant, but she must further show that Harris was, at the time, acting within the scope of his employment. Of course, there could be no negligence of defendant unless Harris was acting within the scope of his employment. Furthermore, the court told the jury in instruction No. 6 that, before they would be authorized to find for the plaintiff, they would have to find that, at the time of the collision, Harris was an employee of Menser and was acting within the scope of his employment.

Next, appellant says the verdict is excessive. The testimony is that prior to the collision Mrs. Danner was a strong, healthy, able-bodied woman; that since the collision, and, as a result thereof, she has lost approximately 50 pounds in weight; that she has constantly suffered pain and has to take medicine to relieve such suffering; that she has a partial paralysis of her left arm and hand, and at times a partial paralysis of both feet; that she wore a brace immobilizing her neck for some 6 weeks after the accident and still has to use it occasionally; that she is seriously and permanently disabled. The appellee introduced medical testimony that she was ''seriously and permanently disabled,'' and although she had submitted to every medical examination requested by the appellant, the appellant produced no medical testimony at the trial. There is nothing in the record that would justify us in saying that the jury's verdict is excessive.

Counsel for appellee, in his closing argument to the jury, made a remark which appellant contends calls for a reversal of the case. The record is not clear as to just what was said as the court reporter was not present at

the time, and the record on the point was made up after the jury had returned the verdict. It is contended by appellant that counsel for appellee said to the jury:

"I have been practicing law since 1911—that is a long time, and I have tried lots of cases. I always represent the working man and the poor and down-trodden, but the lawyers for the defendant always represent the corporations and insurance companies."

When the matter was taken up with the court after the jury had returned its verdict, the court stated that he only heard that part of the remark mentioning "corporation," and at the time the court instructed the jury that the defendant was not a corporation but "was a citizen of this County and this town." Apparently, after the court had ruled on the objection and so informed the jury, no exception was made to the court's ruling. At least the record shows none. Counsel for appellants suggested that he would get bystanders to supplement the bill of exceptions on this point, but a bystander's bill of exceptions was not made a part of the record. In these circumstances, we cannot say that the court committed an error for which the case should be reversed. On the case as a whole we find no error.

Affirmed.