Argued November 27, 1951, affirmed January 16, 1952

# CHRISTIANSON *v.* MULLER

239 P. 2d 835

*Walter T. Durgan* and *Sidney B. Lewis, Jr.*, of Corvallis, argued the cause and filed briefs for appellant.

*Asa L. Lewelling,* of Salem, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and WARNER, Justices.

WARNER, J.

This is an action to recover for personal injuries sustained by the plaintiff, Frances Christianson, as a result of a collision between an automobile in which she was a passenger and a car owned and driven by the defendant, Edna L. Muller. The jury returned a verdict in favor of the plaintiff. Upon defendant's motion the verdict was set aside and a new trial ordered. The plaintiff appeals from that order.

The collision occurred on a highway in Benton county, Oregon, at a point just west of the city of Philomath. At the time plaintiff was a passenger occupying the rear seat of an automobile operated by E. V. Toland. Mrs. Toland was with her husband in the front seat. The Toland car had been traveling westerly on the highway and shortly before the collision it had been brought to a stop at the right side of the road with the two left wheels resting on the pavement and the right wheels off. This stop was made preparatory to a turn reversing the direction of travel. While in this position and awaiting the passage of the Muller car which had been following the automobile in which plaintiff was riding, the Toland car was struck on the rear left-hand

corner by the Muller car and forced off the highway into a ditch to the right of the road.

■■ A trial court in the interest of justice is given a wide latitude in granting new trials, and its action in that regard will be upheld on appeal if supported by any tenable ground appearing in the record. *Bartholomew v. The Oregonian Publishing Company,* 188 Or. 407, 411, 216 P. 2d 257, and cases there cited.

That part of the record which is the foundation for the second and third grounds for defendant's motion relates to evidence of the presence of beer cans discovered on the highway and in the Muller car. The testimony of Mrs. Toland, called by the plaintiff, is the only evidence with reference to that subject and is as follows:

"Q What did you observe? Did you observe cans or anything of that kind?

"A I started picking cans up off the pavement, and when I discovered what it was, I threw it back down.

"Q What was it?

"A Beer.

"Q Were there any broken bottles or anything of that kind?

"A I think there were.

"Q Did you observe anything of the kind in the defendant's car?

"A I did.

"MR. LEWELLING: I object to that as being leading.

"MR. DURGAN: I offer it under the res gestae rule as part of the facts and circumstances.

"THE COURT: Objection overruled.

"MR. DURGAN: What was it that you observed?

"A More canned beer.

"MR. LEWELLING: My objection goes to this last question here, Your Honor.
" * * *
"THE COURT: Objection overruled."

Under the pleadings present here the only ground for the admission of evidence of that character would be as partial proof of the intoxication of the driver of the erring car or as a part of the res gestae.

Upon the questions of whether the defendant was maintaining a proper lookout, was keeping her car under control or was traveling at a high or unlawful rate of speed, any evidence tending to show intoxication of the driver or that the driver was under the influence of intoxicating liquor would be admissible, although not specially pleaded. *Walker v. Penner,* 190 Or. 542, 551, 227 P. 2d 316; *Lynn v. Stinnette,* 147 Or. 105, 31 P. 2d 764. However, before one can be said to be under the influence of intoxicating liquor, it is necessary for someone to testify that some one of the effects of such drinking was perceptible to him (*Lynch v. Clark,* 183 Or. 431, 449, 194 P. 2d 416; *State v. Noble,* 119 Or. 674, 678, 250 P. 833) or that there be other testimony evidencing such a condition (*Walker v. Penner,* supra, at page 551). The evidence of the presence of bottles containing or which had contained intoxicating liquor, standing alone, is not evidence that the driver was intoxicated or under the influence of liquor at the time of the collision. 61 C. J. S., Motor Vehicles, 252, § 516. In the absence of testimony, as here, indicating some perceptible effects of the drinking of intoxicants or some other testimony whereby a jury can say from all the facts and circumstances in evidence that one was under the influence of intoxicating liquor at a given time and place (see *Walker v. Penner,* supra, at page 551), the evidence of the presence of liquor containers

in or about defendant's vehicle without such further proof becomes irrelevant and, if allowed to go to the jury, prejudicial to the cause of the party against whom it is offered, unless its admissibility can be justified on some ground other than proof of intoxication.

As the above quoted portion of the transcript of testimony indicates, plaintiff seeks to avoid the effect of the foregoing rule by claiming that the testimony of Mrs. Toland relative to the beer containers was admissible under the rule of res gestae.

No hard and fast rule can be laid down as to the admissibility of evidence as a part of the res gestae. Indeed, it is incapable of precise definition. In 32 C. J. S., Evidence, 22, § 403, it is said: " * * * The facts and circumstances presented in different cases vary so widely that the courts have come to the point of adjudging this question as it is presented by the particular case under consideration * * *."

The authors of the text books, however, appear to be agreed that evidence offered under the "res gestae rule" must have, among other things, the quality of illustrating or explaining the main fact or litigated act. 32 C. J. S., Evidence, 19, § 403; 20 Am. Jur., Evidence, 553, § 662; 3 Jones, Commentaries on Evidence (2d ed.) 2189, § 1193. If tendered evidence is of a character which is likely to prejudice the jury, it is a circumstance which warrants a strict application of the rule.

It is plaintiff's contention that Mrs. Towland's testimony is admissible on the theory that it proved speed, that is, that it was evidence demonstrating that one of the results of the impact from defendant's car with the Toland automobile was to expel empty beer cans or bottles from defendant's own car onto the highway, and that from this it might be inferred that defend-

ant was traveling at a dangerous and reckless rate of speed when the accident happened. We think plaintiff's hypothesis is untenable for several reasons. In the first place, there is nothing in the record to show where the cans or bottles found on the highway by Mrs. Toland were lying in relation to the position of the Muller car or that they ever were in defendant's car before the accident. It is noteworthy that the accident happened near midnight on the eve of the 4th of July and that quite a crowd of persons from a nearby party and elsewhere had quickly gathered on the highway in the area of the accident before the passengers in Toland's automobile had extricated themselves from his overturned car as it lay on its right side in the ditch. In the second place, if the cans were in defendant's car before that time, nothing is shown to warrant the conclusion that they were expelled from defendant's car as a result of the impact and not otherwise, nor were they identified as beer containers of the same kind that Mrs. Toland saw in defendant's car. Moreover, the objective results of an impact caused by the movement of an automobile are not always the basis for a logical deduction that the automobile was driven at an unreasonable rate of speed. *Hamilton v. Finch,* 166 Or. 156, 166, 109 P. 2d 852, 111 P. 2d 81. The containers found in the car certainly were not evidence of the speed at which defendant was traveling.

Under the circumstances present in this case, there is nothing in the foregoing testimony of Mrs. Toland which entitles it to be received as a part of the res gestae. The presence of the beer cans or bottles when they were found, empty or filled, is lacking in probative attributes which either illustrate or explain the main fact, i.e., the negligent operation of defendant's automobile.

■ ■ The plaintiff urges that the testimony is admissible notwithstanding, because of defendant's failure to make adequate and timely objection thereto. The defendant confesses "that the record leaves much to be desired in this respect," a conclusion in which we concur; but the trial judge in his consideration of a motion for a new trial is not limited by the status of the record in that respect. As was said in *Lyons v. Browning*, 170 Or. 350, 354, 133 P. 2d 599:

> " * * * one of the purposes of the new trial statute is to enable the trial judge to correct errors and to cure miscarriages of justice, notwithstanding the failure of counsel to make a record which would authorize this court to reverse the judgment on appeal * * * ."

The order granting a new trial is affirmed.