McKnight v. McClellan.

5-230                                              262 S. W. 2d 659

Opinion delivered December 14, 1953.

Donald S. Martz, Rieves & Smith and Catlett & Henderson, for appellant.

Ted McCastlain and Hale & Fogleman, for appellee.

ROBINSON, J. Appellant McKnight rented to appellee McClellan farm land to be planted in rice. According to the contract between the parties, McKnight was obligated to do certain things such as furnishing water, etc. McClellan was to do the work and the parties were to divide the crop half and half. There was a crop failure, which McClellan contends was the fault of McKnight in not furnishing the water as provided by the contract. McKnight contends the failure was due to improper cultivation on the part of McClellan. There was a judgment in favor of McClellan in the sum of $6,604.90. McKnight appeals.

On appeal appellant argues two points only. First, that the court erred in giving Instruction No. 5 requested by appellee. The instruction deals with the measure of damages; it is as follows: "If you find for the plaintiff, F. C. McClellan, the measure of his damages will be for such a sum as you may find is one-half of the market value of the rice the land would have produced if water and canals for irrigation purposes had been furnished, less the amount it would have cost after the breach of the contract to complete the production, harvesting and marketing of the crop that would have been produced if water and watering facilities for irrigation purposes had been furnished."

Appellant now contends Instruction No. 5 is an incorrect statement of the measure of damages, but we are not called upon to decide that question because the specific objections made at the trial did not touch on that point. Appellant objected to the instruction specifically for the reason: "it is argumentative and places undue emphasis on the breach of the contract and the failure of the defendant to furnish water facilities for irrigation purposes." No contention was made that it was not a correct statement as to the measure of damages. An erroneous declaration by the court in an instruction as to the measure of damages cannot be raised for the first time in the motion for new trial; *Missouri Pacific Railroad Company, Thompson, Trustee* v. *Gilbert, Adm.*, 206 Ark. 683, 178 S. W. 2d 73.

The other point argued by appellant is that the court erred in refusing to give appellant's requested instruction No. 3 which reads: "Even if you find from a preponderance of the evidence in this case it was the duty of the defendant, McKnight, to make the water available for the rice when the plaintiff, McClellan, needed it, and McKnight failed to perform in this respect; if you further find the loss in the crop was not the result of the failure on the part of McKnight to make the water available when needed, but rather was due to the failure on the part of the plaintiff, McClellan, to properly prepare the seed bed for the rice, or to properly plant the rice, or to replant the rice, or his failure in any other respect, any of such acts resulting in obtaining such a poor stand of rice upon which an ordinarily prudent rice grower would not apply water, then the defendant, McKnight, is not liable for any loss or damage to the rice crop involved in this litigation, and under such circumstances you should find for the defendant, McKnight."

The court is not required to give a multiplicity of instructions covering the same point; *Menser* v. *Danner*, 219 Ark. 130, 240 S. W. 2d 652; and appellant's requested instruction No. 3 was fully covered by Instructions Nos. 1, 4, and 8. The second paragraph of Instruction No. 1 is as follows: "The defendant, McKnight, contends that he, McKnight, did not breach the contract as alleged and as contended for by the plaintiff and for this reason plaintiff is not entitled to recover in this suit, and denies that McClellan substantially performed his obligations under the contract in that he, McClellan, failed to plant and cultivate the rice crop in a good and husbandlike manner and that he is, therefore, not entitled to recover in this suit. The defendant, McKnight, also in this suit, upon his contention that he substantially performed his obligations under the contract seeks to recover damages for the alleged breach of McClellan in failing to plant and cultivate the rice crop in a good and husbandlike manner."

Instruction No. 4 is as follows: "You are instructed that where one of the parties to a contract fails mate-

rially to perform his obligations thereunder and thereby renders it impossible or useless for the other party to perform his obligations, the other party is not required by law to further attempt to carry out his obligations but may treat the contract as being at an end and sue for damages for the breach." And No. 8: "If you find the evidence preponderates in favor of the defendant, McKnight's, contentions, then your verdict should be for him in such a sum of money as you find from a preponderance of the evidence equals the rental value of the land the plaintiff was furnished to farm." Thus it will be seen that the proposition covered by appellant's requested instruction No. 3 refused by the court is fully covered by other instructions.

Affirmed.