JARRETT *v*. MATHENEY.

5-2983 370 S. W. 2d 440

Opinion delivered September 16, 1963.

*Kaneaster Hodges,* for appellant.

*Pickens, Pickens & Boyce,* for appellee.

FRANK HOLT, Associate Justice. This is an action resulting from an intersection collision between a car being operated by the appellant, Katie Jarrett, and owned by her husband, Bobby Jarrett, and a car belonging to and being driven by the appellee, LeRoy Matheney. The appellee instituted suit against appellants to recover damages; the appellants filed an answer denying the allegations and by counterclaim sought damages from the appellee. A trial resulted in a jury verdict for the plaintiff-appellee, assessing his negligence at twenty-five per cent (25%) and that of appellant, Katie Jarrett, at seventy-five per cent (75%). A judgment was accordingly entered, from which comes this appeal.

The collision occurred at a "T" intersection. Mrs. Jarrett was driving from west to east across the top of the "T" and Mr. Matheney was approaching the intersection from the south going north to make a left turn

at the intersection. These were gravel, country roads. Mrs. Jarrett adduced evidence to the effect that Matheney "cut the corner" or "hugged the curve" as he turned left into the intersection and collided with her vehicle. The appellee, Matheney, and his witnesses denied this and maintained that he was in his proper lane of traffic and stopped at the intersection when Mrs. Jarrett's vehicle collided with his. The left front of Matheney's vehicle and the right front of the Jarrett vehicle were damaged. According to the physical evidence, the collision occurred while both cars were in the intersection.

For reversal appellants assign as error the Court's giving Instruction No. 8-A[1] which reads as follows:

"When two vehicles enter an intersection from different directions at the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right. However, a vehicle which has entered an intersection first, while in the exercise of reasonable care for his own safety and the safety of others, has the right-of-way over another vehicle approaching the intersection but not having entered it."

It is the appellants' contention that: "The Court should have omitted an instruction on intersection right-of-way because appellee cut the corner." We think this contention is not well taken inasmuch as this was disputed by appellee. According to Matheney's evidence, he had stopped his automobile at the intersection and was in his proper position on the road preparing to turn to his left into the intersection and that while in this position the appellant's vehicle collided with his. As stated, Mrs. Jarrett's evidence was in direct contradiction.

This conflicting evidence presented a question for the jury to resolve which it did in favor of the plaintiff. We must view the evidence in this case in the light most

---

[1] The Court also gave Instruction No. 8 which reads: "The following traffic rules are provided by the Statutes of the State of Arkansas, and, if violated, such violation may be considered by the jury as evidence of negligence. In this connection, you are told that a violation of a traffic statute is not, of itself, negligence, but you may consider it as evidence of negligence."

favorable to the appellee. *Menser* v. *Danner,* 219 Ark. 130, 240 S. W. 2d 652.

In objecting to the Court giving Instruction No. 8-A the appellants rely upon *East* v. *Woodruff,* 209 Ark. 1046, 193 S. W. 2d 664. We do not think that case is authority for the objection appellants made. It was there undisputed that a vehicle entered the intersection improperly and, further, the collision occurred outside the intersection.

The appellants next contend for reversal that "the Court should have modified the instruction on intersection right-of-way to apply it only when a vehicle lawfully entered the intersection from the right or lawfully first entered the intersection." The Court refused to modify Instruction No. 8-A[2] to read as follows:

"When two vehicles enter an intersection from different directions at the same time, the driver of the vehicle on the left shall yield the right-of-way to any vehicle lawfully entering on the right. However, a vehicle which has lawfully entered an intersection first while in the exercise of reasonable care for his own safety and the safety of others has the right-of-way over another vehicle approaching the intersection but not having entered it."

Appellants argue that "if there is any factual issue whether the appellee cut the corner the appellants are entitled to have the Court tell the jury that the first in the intersection rule does not apply if they find he cut the corner." Appellants argue further that "the instruction as given by the Court preempts the right-of-way to the first entrant even though the 'corner cutting' statute was

---

[2] Following this Instruction the Court gave defendant's Instruction No. 3 which reads as follows: "(1) Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway. [Ark. Stat. Ann. §75-607 (Repl. 1957).] (2) The driver of a vehicle intending to turn at an intersection shall do so as follows: Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center thereof and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center of the roadway being entered. [Ark. Stat. Ann. §75-615 (b) (Repl. 1957).] (3) No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety. [Ark. Stat. Ann. §75-618 (a) (Repl. 1957).]"

violated, if the violation of the statute is consistent with due care, which the jury may very well find to be true.''

Appellants urge that the rule in *East* v. *Woodruff, supra,* requires giving the instruction as modified. We cannot agree. We think Instruction 8-A as given was a correct declaration of the law under the evidence in this case and that the Court was correct in refusing to modify the said instruction.

We consider the case of *Brown* v. *Parker,* 217 Ark. 700, 233 S. W. 2d 64, controlling in the case at bar. In this case there was a conflict in the evidence as to priority of entry into the intersection. There the Court gave this instruction:

''You are instructed that if you find and believe from the evidence in this case that Carl Parker entered the intersection of South 21st and Dodson before the car operated by Mrs. Charles Brown entered the intersection, then you are instructed that Parker was entitled to proceed through the intersection unmolested *and this would be true, even though you might find that Parker failed to stop before entering* Dodson Avenue. Notwithstanding the fact that Dodson Avenue is a through street, if Parker was in the intersection, then it was her duty to yield the right-of-way to Parker. If you find that she failed to yield the right-of-way to Parker when she was under duty to do so, and that such failure on her part was negligence and that such negligence was the sole and proximate cause of the accident or accidents, then in that event you cannot return a verdict against Parker in this case.'' [Emphasis added.]

In *Temple* v. *Walker,* 127 Ark. 279, 192 S. W. 200, we held the Court was in error in instructing the jury that the defendant would be liable if he violated a City Ordinance and such act was the proximate cause of the accident, regardless of whether the defendant was guilty of negligence in the operation of his automobile. There we said:

''In the recent case of *Bain* v. *Fort Smith Light & Traction Co.,* 116 Ark. 125, 172 S. W. 843, we had occasion

to consider the question of negligence as predicated upon a violation of a city ordinance regulating traffic in its streets, and the leading cases upon the subject are cited there. It was there held that such ordinances are admissible in evidence to be considered in the determination of the question of negligence resulting in an injury which would have been averted had the ordinance been observed; *but that the observance or non-observance of the ordinance is not determinative of the question of negligence.*" [Emphasis added.]

In the case at bar there is substantial evidence that Mr. Matheney was stopped at the intersection in his proper lane of traffic when the collision occurred. Who was negligent, under the conflicting evidence in this case, was a question of fact for the jury and we must view this determination in the light most favorable to the appellee. *Menser* v. *Danner, supra.* In this case we find the following succinct statement:

"The sum and substance of the court's instructions to the jury in regard to the right-of-way at the intersection was that, if Mrs. Danner was in the intersection first, and there was no negligence on her part in getting there first, then she had the right-of-way, *which is the law of this State. Brown* v. *Parker,* 217 Ark. 700, 233 S. W. 2d 64." [Emphasis ours.]

We think such statement is applicable to the case at bar when we consider the Court's Instruction No. 8, 8-A, and Defendant's Instruction No. 3, all of which the Court gave to the jury. These instructions comprise a fair and correct statement of the law and sufficiently covered the points raised by appellants. The issue in this case, under the conflicting evidence, is not whether there was an illegal or unlawful entry into the intersection, but whether there was negligence which was the proximate cause of the accident.

Finding no error the judgment is, therefore, affirmed.