Oliver *v.* Miller.

5-3683                                          396 S. W. 2d 288

Opinion delivered November 29, 1965.

*Jonh M. Lofton, Jr.* and *Jack Yates,* for appellant.

*Edgar Woolsey, Jr., Jeff Mobley, William R. Bullock,* for appellee.

Frank Holt, Associate Justice. This appeal involves a head-on collision between two vehicles killing both drivers, Mrs. Glenda Oliver and Stanley Miller, who were the only occupants of the cars. Appellant first contends that the present action is barred by a previous one.

The accident occurred on December 14, 1963. Six days later, or December 20th, Dow Oliver, husband of Mrs. Oliver on behalf of himself and their four children, filed suit against Leon Hoing, the special administrator of the estate of Mr. Miller, in the Circuit Court of Franklin County, Arkansas seeking damages for the alleged wrongful death of his wife. On that date Mrs. Miller was advised by letter that a special administrator of her husband's estate had been appointed for the specific purpose of securing service of summons upon the administrator in that action. Within the time to answer the special administrator filed a motion to quash the service of summons upon him. No further pleadings were filed in the case and on February 7, 1964 the suit was dismissed "without prejudice." On the previous day an order was entered in the Probate Court of Franklin County appointing Dow Oliver the administrator of the estate of Glenda Oliver, deceased, and permitting him to settle with the special administrator the pending suit in circuit court for the sum of $8,500.00.

On February 26, 1964 Mrs. Miller, as administratrix of the estate of Stanley Miller, decedent, filed the complaint in the instant case against Dow Oliver as administrator of the estate of Glenda Oliver, decedent, in the Circuit Court of Johnson County, Arkansas. Mrs. Miller sought damages for the alleged wrongful death of her husband as a result of the same accident that was involved in the suit of *Oliver* v. *Hoing, supra,* which had been dismissed without prejudice. Upon a trial the jury found the issues in favor of the appellee and awarded her, as administratrix of her husband's estate, the sum of $13,500.00. From the judgment on this verdict appellant brings this appeal.

For reversal it is urged that the court erred in refusing appellant's motion to dismiss appellee's complaint because of appellee's failure to file a counterclaim in the prior action which was between the same parties and involving the same issues of fact in the Franklin County Circuit Court. Appellant insists that the mandatory provisions of Act 54 of 1935 [Ark. Stat. Ann. § 27-1121

(Repl. 1962)] require that the appellee had to assert any of her rights by a counterclaim in the previous action in answer to appellant's complaint. Therefore, by not so doing, the present action is barred by this statute. We cannot agree with the appellant that this statute is applicable or controlling in the case at bar. The dismissal of a cause of action without prejudice permits the bringing of a subsequent action for the same cause. Ark. Stat. Ann. § 37-222 (Repl. 1962); *Campbell* v. *Coldstream Fisheries, Inc.*, 230 Ark. 284, 322 S. W. 2d 79; 27 C. J. S., Dismissal & Nonsuit §§ 72-73, p. 471.

In the case at bar the dismissal without prejudice occurred during the pendency of the motion to quash and before the time had expired for the appellee to answer or counterclaim. There was no adjudication on any issue in the Franklin County Circuit Court action and consequently it cannot be said to be res judicata. Appellee's right of action is not barred in the instant case.

Appellant next contends that the evidence is insufficient to support the verdict. Upon this point the appellant succinctly states that: "The only issue actually in controversy was the question of the direction in which the two drivers were going at the time of the collision." Appellant contends and presented evidence that Miller was driving westward and Mrs. Oliver was driving eastward when the collision occurred in her lane of traffic. Appellant argues there is no substantial evidence to the contrary. On appeal we must view the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the jury verdict. *Menser* v. *Danner*, 219 Ark. 130, 240 S. W. 2d 652; *Jarrett* v. *Matheney*, 236 Ark. 892, 370 S. W. 2d 440.

With this rule in mind we review the evidence. There was no eyewitness to the accident. Mrs. Miller testified as to her husband's customary route and time of arrival in returning from Noel, Missouri, where he was employed, to their home in Clarksville, Arkansas. Darrell Lofton testified that Mr. Miller left Mr. Lofton's office in Springdale, Arkansas at approximately 2:00 P.M. e⁓

route to his home on the date of the accident. Buddy Rogers testified that he personally knew Mr. Miller and observed him proceeding east on highway #64 traveling at a normal rate of speed toward Clarksville at a point approximately 7 miles west of Mulberry at about 3:15 or 3:20 P.M. on the date of the accident. The accident occurred about 1 mile east of Mulberry. State Trooper Williams stated that he was notified of the accident by radio at approximately 3:25 P.M. and that the collision occurred on the south side of the highway in the east-bound lane of traffic.

We cannot say that this evidence was not sufficiently substantial to support the jury's verdict. *Callaway* v. *Perdue,* 238, Ark. 652, 385 S. W. 2d 4; *St. Louis-South-western Ry. Co.* v. *Holwerk,* 204 Ark. 587, 163 S. W. 2d 175; *Harmon* v. *Ward,* 202 Ark. 54, 149 S. W. 2d 575. The preponderance or weight of the evidence was a matter solely within the province of the jury. We do not determine the preponderance of the evidence but only its legal sufficiency. In *Missouri Pacific Transp. Co.* v. *Sharp,* 194 Ark. 405, 108 S. W. 2d 579, we said that we have long adhered to the universal application of the rule sustaining a jury verdict "where there is any substantial testimony to support it, although it may appear to the appellate court to be against the preponderance."

Appellant's final contention is that the court erred in refusing to admit a broken vodka bottle into evidence. The trial court was correct. Officer Brown testified that he looked into the Miller automobile at the scene and did not see the broken bottle. He found the broken bottle in the Miller car some five hours later when he again checked it at a salvage yard to which it had been removed by other parties. No testimony was offered that Mr. Miller had been drinking or was intoxicated nor were there such allegations in the pleadings. The introduction of the bottle into evidence in these circumstances would have been prejudicial as being irrelevant and too remote since it was not a part of the res gestae. *Christianson* v. *Muller,* 239 P. 2d 835 (Ore. 1952).

The judgment is affirmed.