Ronald L. REIMER *v.*
GULF OIL CORPORATION, et al

83-297                                      664 S.W.2d 456

Supreme Court of Arkansas
Opinion delivered February 13, 1984
[Rehearing denied March 12, 1984.*]

*Murphy & Carlisle,* by: *Marshall N. Carlisle,* for appellant.

*Hardin, Jesson & Dawson,* for appellees.

ROBERT H. DUDLEY, Justice. The issue in this case is whether the owner of oil and gas rights in one tract of land may use the surface of that tract to gain access to an adjacent tract to drill on the adjacent tract. We affirm the trial court and hold that the lease of mineral rights gives appellees the express right to cross appellant's surface estate. Jurisdiction is in this Court by virtue of Rule 29(1)(n) and (o).

---

*HOLLINGSWORTH, J., would grant rehearing.

In 1919 the mineral ownership was severed from the surface ownership of the first tract. In 1961 the appellees acquired the right to all oil, gas, sulphur and other minerals in that tract. In 1974 the appellant acquired the surface estate of the property. In 1980 the appellees improved a private road on the property by adding shale and gravel to an existing roadbed and then extending the road 100 lineal feet to the western boundary of the property. Appellees used the road to transport a drilling rig across appellant's surface estate to the well site which was located upon an adjacent tract. The well now produces gas and appellees use the road to get to and from the well. It was stipulated that the drilling site and appellant's tract are located in the same drilling unit, as described by Ark. Stat. Ann. § 53-114 (Repl. 1971).

In Count I of the complaint, appellant alleged trespass by the appellees in entering the land to improve the road to the well site. Counts II and III sought alternative relief for excessive use of the land if the trial court found the appellees had a right to go upon appellant's land pursuant to the mineral lease.

Following appellant's testimony and the stipulation, the appellees were granted a directed verdict as to Count I, damages for trespass, and appellant voluntarily non-suited Counts II and III of the complaint. On appeal, appellant contends there was error in the trial court's exclusion of evidence concerning the measure of damages and in the directing of a verdict as to Count I of the complaint. The argument is without merit.

The appellees' lease grants to appellees the express right to construct such roads as are necessary to drill for gas on appellant's lands and also provides that if the well site is within the same drilling unit as is appellant's surface estate, the well will be considered as upon appellant's land. Since the well is within the drilling unit, the appellees have an express right to cross appellant's surface estate and can be liable only for unreasonable use. Reasonable use is described in *Wood* v. *Hay,* 206 Ark. 892, 175 S.W.2d 189 (1943) and *Arkansas Louisiana Gas Co.* v. *Wood,* 240 Ark. 948, 403 S.W.2d 54 (1966). Appellant non-suited Counts II and III

of his complaint which contained the prayer for damages for unreasonable use. The trial court properly granted a directed verdict as to Count I of the complaint.

Affirmed.

HAYS, J., did not participate in final decision.