Argued and submitted May 29, reversed and remanded July 15, reconsideration denied
August 28, petition for review denied September 15, 1987 (304 Or 149)

McKIBBEN et al,
*Respondents,*

*v.*

McCAIN,
*Appellant.*

(84-1519-J-1; CA A39827)

739 P2d 71

John Bourcier, Portland, argued the cause and filed the brief for appellant.

H. Scott Plouse, Medford, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

.

## WARREN, J.

This is a civil action for damages arising from a collision between an automobile driven by plaintiff Jeffrey McKibben (plaintiff)[1] and a trailer being towed by defendant. Plaintiff claimed property damage and medical expenses as a result of defendant's negligence in hauling and maintaining his trailer. Defendant counterclaimed for damage to his trailer, claiming that plaintiff's negligence was the sole cause of the collision. A jury returned a verdict in favor of plaintiff on his claim and against defendant on his counterclaim. Defendant appeals, assigning error to the trial court's sustaining an objection to evidence that plaintiff had consumed alcohol during the evening and had a .02 percent blood alcohol level after the accident. We reverse and remand.

In an offer of proof by defendant, plaintiff testified that he had been skiing all day. After skiing, he drank beer from about 5:30 to 10:30 p.m. After leaving the mountain, he had stopped in Ashland for another beer before continuing toward Medford. Before the jury, plaintiff testified that, at about 2:30 a.m., he was traveling northbound on Interstate 5 driving a 1982 Mazda at about 55 miles an hour. He was in the left lane when he approached defendant's trailer. He contends that defendant's trailer lost a wheel and that he struck the wheel, lost control of his car and struck the guardrail. Defendant theorizes that, because plaintiff was tired from skiing and his senses were affected by alcohol, he failed to observe defendant's trailer and hit it from the rear.

At trial, plaintiff's objection to the offered evidence was that the defendant had not pleaded plaintiff's intoxication. On appeal he concedes that evidence of consumption of alcohol is admissible, without a specific pleading, on the questions of lookout and control raised by defendant's counterclaim. *See Christianson v. Muller,* 193 Or 548, 239 P2d 835 (1952), *overruled on other grounds, Beglau v. Albertus,* 272 Or 170, 180 n 3, 536 P2d 1251 (1975). He argues, however, that the trial court should still be affirmed because, under *Christianson,* there must be some evidence that plaintiff was, in fact, affected by the alcohol at the time of the collision. He is

---

[1] Only plaintiff Jeffrey was directly involved in the accident. Mary McKibben participated in the action as a co-owner of the automobile driven by plaintiff.

correct as to the law, but under the circumstances of this case there was sufficient evidence to permit the jury to draw an inference that plaintiff was affected by the alcohol immediately before the collision. There were no eye witnesses, and both parties were essentially guessing as to what occurred. Defendant testified that he heard a noise behind him, the truck began to swerve and the trailer went to the right. Plaintiff's recollection of the collision is unclear. He had not slept for 19 1/2 hours and was coming from a ski trip, which he described as a strenuous workout. He told the investigating officer that he did not remember driving the two miles before the collision. He testifed that he saw a vehicle in front of him and remembers an image of a wheel in the left-hand lane and woke up against the guardrail. He could not testify as to when he first saw the wheel.

The jury was not required to accept plaintiff's theory of the case; it could have accepted defendant's contention that plaintiff struck the rear of his trailer and was the sole cause of the accident, a theory consistent both with defendant's general denial and his counterclaim. The excluded evidence would have provided some support for defendant's theory that plaintiff, because of his activities earlier in the day, was less able to observe defendant in front of him and to control his own vehicle to avoid a collision. For these reasons, the trial court erred in excluding defendant's evidence of plaintiff's drinking.

Reversed and remanded.